*Ross & Effinger*, for appellants.

*E. F. Dickey* and *D. D. Pratt*, for appellee.

———————⟡———————

## WALKER v. THE STATE OF INDIANA.

COURT OF COMMON PLEAS—JURISDICTION.—Where the Court of Common Pleas takes jurisdiction on the ground that the person charged with crime is in custody, it must appear by the information that he is in custody on a charge of the same offense for which it is filed.

INFORMATION—CONSTRUCTION OF.—When there is an ambiguity or uncertainty in an information, it should be taken most strongly against the state.

CRIMINAL CODE—PLEADING.—The old rules of criminal pleading not inconsistent with the code, and so far as they may operate in aid thereof, are continued in force.

APPEAL from the *Warrick* Common Pleas.

WORDEN, J.—The appellant was tried, convicted, and sent to the penitentiary on the following information:

"The district attorney informs the court that on or about the 17th day of *May*, A. D. 1863, at the county of *Warrick*, state of *Indiana*, *Lazarus Walker* did feloniously steal, take, and carry away one horse of the value of $75, and one horse of the value of $75, both of the value of $150, and both the personal property of *John W. Lucas*. And the district attorney further informs the court, that the said *Lazarus Walker* is now in custody, confined in jail in the county of *Warrick*, on a charge of having heretofore—to-wit: on the 17th day of *May*, 1863, at the county of *Warrick*, state of *Indiana*—feloniously stolen, taken, and carried away one horse of the value of $75, and one horse of the value of $75, both of the value of $150, and both the property of the said *John W. Lucas;* and the said *Lazarus Walker* has not as yet been indicted," etc.

It has been heretofore held, in several cases, that where the Court of Common Pleas takes jurisdiction on the ground that the person charged with the crime is in custody, it must appear by the information that he is in custody, on a charge of the same offense for which the information is filed. That does not appear from the information before us, unless it be by intendment or inference. For aught that legitimately appears, the larceny, on a charge of which the accused was in custody, was another and a different larceny from that for which the information was filed. Where there is an ambiguity or an uncertainty in the information, it should be taken most strongly against the state. This was the old rule in criminal pleading, and there is nothing in the code of criminal procedure, that we are aware of, which changes it. The old rules are continued in force, not inconsistent with the criminal code, and so far as they may operate in aid thereof. *Hardin* v. *The State*, 22 Ind. 347. As it is uncertain whether the larceny, on a charge of which

the accused was in custody, was the same as that for which the information was filed, or another and a different larceny, it must be construed to be a different larceny; and hence the court had not jurisdiction.

The maxim that all things will be presumed to have been rightly done in a court of justice if the contrary does not appear, has no application to a case like the present. That rule can only apply where the record may be rightfully silent on the point; in other words, where the matter presumed to have been correct need not affirmatively appear.

Here it should have appeared affirmatively that the court had jurisdiction.

*Per Curiam.*—The judgment below is reversed.

The clerk will give the proper notice for the return of the prisoner to *Warrick* county.

*McDonald & Roache*, for appellant.

*D. E. Williamson*, Attorney General, for appellee.