## THE STATE v. WEBB.

1. Criminal law: FALSE PRETENSES. An indictment for obtaining property or money under false pretenses cannot be predicated upon representations which are mere matters of opinion.

2. —— An indictment for this offense should clearly state that the money or property was obtained by means of false representations or pretenses.

*Appeal from Jones District Court.*

THURSDAY, DECEMBER 17.

THE defendant was indicted, under section 4394 of the Revision, for that, he " did unlawfully, felionously, design-

The State v. Webb.

edly, falsely and by false pretense, pretend, to D. A. Bristol and George Ralston, and with intent to defraud him, the said D. A. Bristol, and him, the said George Ralston, he, the said D. A. Bristol, and he, the said George Ralston, then and there being in company for farming purposes; that he, the said J. B. Webb, owned a farm in Wayne township, county aforesaid; that said farm had one hundred and seventy-five acres which had been broken and was plow land; that the fences on said land were good. By which said false pretenses, the said J. B. Webb, then and there, did induce the said D. A. Bristol and the said George Ralston, to rent of him, the said J. B. Webb, the said farm, so by him pretended as aforesaid, and, then and there, unlawfully, did obtain from the said D. A. Bristol and the said George Ralston, in money, the sum of $470, of the moneys, goods and chattels, property and effects of the said D. A. Bristol and the said George Ralston, with intent, there and then, thereby, designedly to cheat and defraud the said D. A. Bristol and the said George Ralston of the same; whereas, in truth and in fact, there was not one hundred and seventy-five acres which had been broken or was plow land, and the fences on said land were not good, and the said J. B. Webb, at the time he so falsely pretended as aforesaid, well knew the said false pretenses to be false."

To this indictment there was a demurrer filed on the ground that it did not charge an indictable offense. This demurrer was overruled, and the defendant appeals.

*J. L. Sheean* for the appellant.

*H. O'Connor*, Attorney-General, (with whom *S. T. Pierce*) for the State.

COLE, J. — The indictment does not negative the fact that the defendant was the owner of the farm, but only

that the representations or pretenses that it contained one hundred and seventy-five acres of plow land and had good fences, were not true. The quantity of plow land and the quality of the fences, under the averments of the indictment, and in the absence of any averment showing the *materiality* of the alleged misrepresentation as to whether it was one acre or one hundred acres less than represented, were matters of *opinion* only. The authorities are agreed that, upon mere matters of opinion, an indictment for false pretenses cannot be predicated. *People* v. *Tompkins*, 1 Parker, 224, 238; *Reese* v. *Wyman*, 9 Geo. 430; *Reg.* v. *Oates*, 29 Eng. Law and Eq. 552; *State* v. *Tomlin*, 5 Dutcher, 13.

Further than this, it may well be questioned whether the indictment sufficiently charges that the money was obtained by means of the false representations or pretenses stated in the preceding part of the indictment. There is, at least, no averment that the money was paid to defendant on account of the rent of the premises.

Reversed.