The State *v.* Locke.

INDICTMENT.—*Ambiguity and Uncertainty.*—Where an indictment for obtaining a signature to a note by false pretenses charged that the pretenses were made to induce K. to become the security of the defendant on a six hundred dollar note, but the indictment showed that, instead of becoming a security, K. became a principal, and made a note for six hundred dollars payable to the defendant;

*Held,* that the indictment was bad for uncertainty and ambiguity.

APPEAL from the Wayne Criminal Circuit Court.

PETTIT, J.—This was an indictment for obtaining a signature to a note by false pretenses, under the statute, 2 G. & H. 445, sec. 27, which is as follows: "If any person, with intent to defraud another, shall designedly, by color of any false token or writing, or any false pretense, obtain the sig-

nature of any person to any written instrument, or obtain from any person any money, transfer, note, bond or receipt, or thing of value; such person shall, upon conviction thereof, be imprisoned in the state's prison not less than two nor more than seven years, and fined not exceeding double the value of the property so obtained."

A motion was made and sustained to quash the indictment, and the correctness of this ruling is the only question in the case. The indictment is as follows:

"STATE OF INDIANA, RANDOLPH COUNTY—In the Randolph Circuit Court, March term, 1869. The grand jurors for the State of Indiana, impanelled, charged, and sworn in the Randolph Circuit Court to inquire within and for the body of the same said county of Randolph, upon their oath do charge and present, that Isaac H. Locke, late of said county, at said county of Randolph, on the 27th day of September, A. D., 1868, for the purpose, and with the unlawful, felonious, and fraudulent intent of inducing, procuring, and obtaining one Thomas W. Kizer to sign a certain promissory note in writing, as security for said Isaac H. Locke in the sum of six hundred dollars, and with the felonious and fraudulent intent of cheating and defrauding the said Thomas W. Kizer, did unlawfully, feloniously, and falsely represent and pretend to the said Thomas W. Kizer, that he, the said Isaac H. Locke, was then and there the owner of a farm, in said county of Randolph, of great value, to wit, of the value of four thousand dollars; and that he, the said Isaac H. Locke, had then and there, on said farm, valuable stock, to wit, cattle, hogs, and sheep, of the value of six hundred dollars; and that he, the said Isaac H. Locke, had then and there in his possession, and of his own money, a large sum, to wit, six hundred dollars; and the said Thomas W. Kizer, then and there relying upon said statements, pretenses, and misrepresentations, and believing them to be true, did then and there sign and execute the said note; and the grand jurors aforesaid do charge and say, that by means of said false and fraudulent representations and

pretenses aforesaid, the said Isaac H. Locke did then and there, and thereby, unlawfully, feloniously, designedly, and fraudulently obtain the signature, name, and credit of the said Thomas W. Kizer to the certain written instrument and promissory note aforesaid, to wit, to a promissory note for the payment of money, to wit, six hundred dollars, to the said Isaac H. Locke, at the First National Bank of Winchester, which said note the said Isaac H. Locke negotiated at said bank and obtained the money thereon; and the grand jurors aforesaid charge that, in truth and in fact, the said Isaac H. Locke was not the owner of a farm in said county of Randolph, or elsewhere, of the value of four thousand dollars, or of any value, or had not then and there any stock, sheep, hogs, or cattle, of the value of six hundred dollars, nor had he then and there any sheep, hogs, or cattle of any value whatever, nor had he, the said Isaac H. Locke, then and there, the sum of six hundred dollars in money, or any money whatever, all of which the said Isaac H. Locke then and there well knew when he made the unlawful, felonious, and false and fraudulent statements and pretenses aforesaid, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Indiana."

This indictment is bad, and was properly quashed for uncertainty, if for no other reason. 2 G. & H. 402, sec. 55. "The indictment or information must be direct and certain, as it regards the party, and the offense charged." All the authorities, both elemental and adjudicated cases, concur that ambiguity and uncertainty is fatal to an indictment. *Walker* v. *The State*, 23 Ind. 61; *Commonwealth* v. *Magowan*, 1 Met, Ky. 368; *The People* v. *Gates*, 13 Wend. 311; *Whitney* v. *The State*, 10 Ind. 404; Bicknell's Cr. Pr. 90, 93, 94.

The indictment charges that the pretenses were made to induce Kizer to become the security of Locke on a six hundred dollar note, but that, instead of going security, he became a principal, and made a note for six hundred dollars, payable to Locke. This is ambiguity and uncertainty.

We are not satisfied that the pretenses are such as should deceive or mislead an ordinarily prudent man, nor that the note is sufficiently described; but we do not determine either of these points.

The judgment is affirmed.

*B. W. Hanna,* Attorney General, *D. M. Bradbury,* and *J. E. Neff,* for the State.

*W. A. Peelle* and *H. C. Fox,* for appellee.