## KELLER *v*: THE STATE.

CRIMINAL LAW.—*Indictment.*—*Certainty.*—Criminal charges must be preferred with reasonable certainty, so that the court and jury may know what they are to try, and of what they are to convict or acquit the defendant, and so that the defendant may know what he is to answer, and that the record may show, as far as may be, of what he has been put in jeopardy. The averments should be so clear and distinct that there can be no difficulty in determining what evidence will be admissible.

SAME.—*False Pretence.*—In an indictment for obtaining property by false pretences, where it is charged as a part of the false pretences that certain real estate was falsely represented to be free from prior incumbrances, the prior incumbrances should be set out or described.

SAME.—*Future Event.*—No representation of a future event, whether in the form of a promise or not, can be a false pretence under the statute.

SAME.—*Indictment.*—*Repugnancy.*—The offence charged in an indictment must be proved in substance as charged, and if two material averments are directly repugnant, the indictment is bad.

From the Tipton Circuit Court.

*M. B. Williams* and *L. Barbour,* for appellant.

*C. A. Buskirk,* Attorney General, *D. Waugh* and *R. B. Beauchamp,* for the State.

BUSKIRK, J.—The appellant was indicted in the court below for obtaining property by false pretences. The indictment contains two counts, which, as to the false pretences charged, are nearly identical. The appellant moved to quash each count, but his motion was overruled, and he excepted. He pleaded not guilty, and was tried by a jury and was found guilty. The court overruled motions in arrest of judgment and for a new trial, to which exceptions were taken. Judgment was rendered on the verdict.

The appellant has assigned for error the overruling of his motions to quash the indictment, in arrest of judgment, and for a new trial.

The first question for the consideration of the court relates to the sufficiency of the indictment.

The first count, omitting the formal parts, is as follows:

" The grand jurors of Tipton county, in the State of Indi-

ana, good and lawful men, duly and legally empanelled, sworn and charged in the Tipton Circuit Court, of said State, at the spring term for the year 1875, to inquire into felonies and certain misdemeanors in and for the body of the said county of Tipton, in the name and by the authority of the State of Indiana, on their oath do present that one Robert H. Keller, late of said county, on the 13th day of October, in the year 1874, at and in the county of Tipton, and State of Indiana, did then and there unlawfully, feloniously, designedly and with intent to defraud one George W. Boyer, falsely pretend to the said George W. Boyer, that he, the said Robert H. Keller, had been the owner, and had recently sold to a certain party a certain piece of real estate, to wit, a house and lot of ground, situated in the city of Indianapolis, in the county of Marion, in the State of Indiana, for a large sum, to wit, the sum of thirty-five hundred dollars, that said real estate was of great value, and fully worth the said sum of thirty-five hundred dollars, and that there was still due the said Robert H. Keller, upon the purchase-money of the said house and lot of ground, so sold as aforesaid, the sum of five hundred dollars, and that there was no lien or incumbrance upon the said house and lot of ground except the said lien of five hundred dollars, for the purchase-money thereof, due the said Robert H. Keller, as aforesaid, and that if the said George W. Boyer would sell and deliver to the said Robert H. Keller, goods, chattels and property to the amount of five hundred dollars, he, the said Robert H. Keller, would pay the said George W. Boyer therefor, in and with a promissory note given and being for the said sum of five hundred dollars, the purchase-money due the said Robert H. Keller upon the said house and lot of ground as aforesaid, and to be made payable to the said George W. Boyer, on the 1st day of March, in the year 1875, and secured by a mortgage upon the said house and lot of ground, and that the said lien of five hundred dollars, for the purchase-money for the said house and lot of ground and the said mortgage securing the same was all and the only lien

whatever upon the said house and lot of ground, and that the said house and lot of ground was of the full value of thirty-five hundred dollars, and ample and sufficient surety for the payment of the said purchase-money as aforesaid, and that the note executed as aforesaid to the said George W. Boyer would be of the full value of and worth the sum of five hundred dollars.

"By means of which said false pretences then and there made to the said George W. Boyer, by the said Robert H. Keller, as aforesaid, he, the said Robert H. Keller, did then and there, with intent to cheat and defraud him, the said George W. Boyer, unlawfully and feloniously obtain and receive from the said George W. Boyer the following goods, chattels and property, to wit, one spring wagon of the value of two hundred and twenty-five dollars, one two-horse wagon of the value of one hundred and fifty dollars, one log-wagon of the value of one hundred and twenty-five dollars; all of said goods, chattels and property being of the aggregate value of five hundred dollars; and for the goods, chattels and property of the said George W. Boyer, and in payment for the said goods, chattels and property so obtained and received by the said Robert H. Keller from the said George W. Boyer, as aforesaid, he, the said George W. Boyer, did receive the said five-hundred-dollar note, fully relying upon and believing said false and fraudulent pretence and representations made to him by the said Robert H. Keller, as aforesaid, and believing them to be true; whereas, in truth and in fact, the said Robert H. Keller had not then recently sold to a certain party a certain piece of real estate, to wit, a house and lot of ground situate in the city of Indianapolis, in the county of Marion, in the State of Indiana, for a large sum, to wit, for the sum of thirty-five hundred dollars, as aforesaid; and that said house and lot of ground was not then of the value or worth thirty-five hundred dollars as aforesaid; and that the said lien and mortgage of five hundred dollars on the said house and lot of ground for the purchase-

money thereof as aforesaid, was not the only lien and incumbrance then upon said house and lot of ground, but there were various and numerous other liens thereon, older and prior to the said lien of five hundred dollars, amounting in the aggregate to two thousand dollars, and greatly exceeding the value of said house and lot of ground; and that said house and lot of ground was not then of sufficient value to amply and sufficiently secure the payment of the said five-hundred-dollar note as aforesaid; and that said note executed to the said George W. Boyer, as aforesaid, was not worth or of the value of five hundred dollars, but was in fact entirely worthless and of no value whatever. Contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Indiana."

We proceed to the examination of the first error assigned. The first count in the indictment has been set out, and as it is quite lengthy, we will summarize its averments and negations:

1. It is averred that Robert H. Keller had been the owner, and had recently sold to a certain party, whose name is not given, nor is it averred that his name was unknown to the jurors, a certain piece of real estate, to wit, a house and lot of ground situate in the city of Indianapolis, county of Marion, and State of Indiana, for a large sum of money, to wit, for the sum of thirty-five hundred dollars. There is no further description of such real estate or any averment that it was unknown to the jurors.

2. That said real estate was of the value of thirty-five hundred dollars.

3. That there was still due the said Robert H. Keller upon the purchase-money of the said house and lot the sum of five hundred dollars.

4. That there were no liens or incumbrances upon the said house and lot, except said sum of five hundred dollars for the unpaid purchase-money, and the mortgage securing the same.

5. That the said house and lot of ground were of the full

value of thirty-five hundred dollars, and ample and sufficient security for the said sum of five hundred dollars.

6. That the note which was executed by the purchaser of said real estate to George W. Boyer, to whom said representations were made, and in reliance upon which he had sold to said Keller certain personal property, would be of full value and worth the said sum of five hundred dollars.

The first averment is very vague and indefinite. There is no sufficient description of the real estate alleged to have been owned and sold by the appellant. Nor is the name of the purchaser given. Criminal charges must be preferred with reasonable certainty, so that the court and jury may know what they are to try, of what they are to acquit or convict the defendant, and so that the defendant may know what he is to answer, and that the record may show, as far as may be, of what he has been put in jeopardy. The averments should be so clear and distinct that there could be no difficulty in determining what evidence was admissible under them. It fully appears from the evidence in the record that the appellant had owned and transferred lot No. 46, in Yandes' subdivision of out-lot No. 129, in the city of Indianapolis, county of Marion, and State of Indiana. This evidence was admitted over the objection and exception of appellant. Its admission was objected to upon the ground that the averments of the indictment were neither specific nor broad enough to render such evidence admissible. If the appellant, in his representations to Boyer, did not describe the property which he had owned and sold, the description of the property could not have been introduced in that portion of the indictment, but the first averment as above set out might have been preceded or followed by a statement that the appellant had owned and recently sold lot 46, in Yandes' subdivision of out-lot No. 129, in the city, county, and State aforesaid, and that the representations relied upon were made in reference to such property. If the name of the purchaser of such lot was known to the grand jury, it should have been stated; but if unknown, that fact should have been averred.

The negation to the first averment is as follows:

"Whereas, in truth and in fact, the said Robert H. Keller had not then recently sold to a certain party a certain piece of real estate, to wit, a house and lot of ground situate in the city of Indianapolis, in the county of Marion, and State of Indiana, for a large sum of money, to wit, for the sum of thirty-five hundred dollars as aforesaid, and that said house and lot of ground was not then of the value or worth thirty-five hundred dollars."

By the above averment and negation, the guilt of the appellant is made to depend upon the question whether the house and lot of ground had been sold to a certain party for the exact sum of thirty-five hundred dollars, and whether they were worth that exact sum, when it should have been made to depend upon whether the appellant had sold said house and lot of ground to any person for said sum, and whether the property was of such value as to amply secure the said sum of five hundred dollars alleged to be due.

The second averment is, that appellant represented that said real estate was of the value of thirty-five hundred dollars. It is contended by counsel for appellant that a statement of the value of property is a mere expression of opinion or judgment, about which men may honestly differ, and if there is no fixed market value, an estimate that is too high will not constitute a criminal false pretense.

The question discussed by counsel does not squarely arise upon the averment in the indictment, and hence we do not consider or decide the question, preferring to wait until it arises on the evidence or instruction of the court based upon the evidence.

There is no negation of the third averment. Hence, it is admitted to be true, and no evidence would be admissible to prove it to be untrue.

The fourth averment and its negation are insufficient. The negation to the fourth averment does not set out or describe the liens that constituted the prior incumbrances.

How. was it possible for the appellant to prepare for trial under such an averment and negation? How could he show, on trial, that the liens proved by the State had no valid existence, or had been paid off? He would have no notice of the liens relied upon until the evidence was offered by the State. It would be contrary to well established principles to allow evidence to be given upon a material issue, tending to fasten fraud and falsehood upon the party, without any averment or notice in the indictment of the fact sought to be proved. *The People* v. *Miller*, 2 Parker C. C. 197.

The fifth averment and its negation are sufficient.

The sixth relates to a future event, and cannot constitute a criminal false pretence. Bishop, in section 420 of his Crim. Law, vol. 2, p. 230, says:

"And both in the nature of things, and in actual adjudication, the doctrine is, that no representation of a future event, whether in the form of a promise or not, can be a pretence, within the statute; for the pretence must relate either to the past or to the present." See *Jones* v. *The State*, 50 Ind. 473, and authorities there cited.

Although some of the averments are sufficient, yet, standing alone and disconnected with the other averments, they are not sufficient to constitute a good indictment.

There is a direct repugnancy in the averments of the indictment, which renders it fatally defective. It is alleged, " that if the said George W. Boyer would sell and deliver to the said Robert H. Keller goods, chattels and property to the amount of five hundred dollars, he, the said Robert H. Keller, would pay the said George W. Boyer therefor, in a promisory note given and being for the said sum of five hundred dollars, the purchase-money due the said Robert H. Keller upon the said house and lot of ground, as aforesaid, and to be made payable to the said George W. Boyer on the 1st day of March, in the year 1875, and secured by mortgage upon the said house and lot of ground," etc.

It is alleged that Keller was to pay Boyer in a note *given* and being for the said purchase-money, and it is then aver-

red, that said note is to be made payable to the said Boyer, and secured by a mortgage upon said real estate.

In *The State* v. *Locke,* 35 Ind. 419, the indictment was held bad, because it charged that the pretences were made to induce Kiser to become the security of Locke on a six-hundred-dollar note, but that, instead of going security, he became a principal, and made a note for six hundred dollars, payable to Locke. The indictment was held to be ambiguous and uncertain. An indictment must be direct and certain, as it regards the party and the offence charged. *Whitney* v. *The State,* 10 Ind. 404; *Walker* v. *The State,* 23 Ind. 61; Bicknell's Crim. Prac. 90, 93, 94; *The State* v. *Locke, supra; The Commonwealth* v. *Magowan,* 1 Met. Ky. 368; *The People* v. *Gates,* 13 Wend. 311.

It is a settled rule of criminal pleading, that the offence charged must be proved in substance as charged. This cannot be done in the averment under examination. The two averments are directly repugnant. Both cannot be true. The facts of the case are not correctly stated. It is averred that the note for five hundred dollars had been given to Keller, and was secured by mortgage, and in the next sentence it is averred that it was to be made payable to Boyer, and secured by mortgage. It was shown upon the trial, that at the time the representations were made, Keller had agreed upon a sale of his house and lot of ground in the city of Indianapolis, but the deed had not been made, nor had the notes and mortgage been given; and that these facts were known to Boyer, and it was then agreed that a note for five hundred dollars should be made payable directly to Boyer, and secured by mortgage; and it also appears that this was done. Such proof could not sustain the averments of the indictment.

We are very clearly of opinion that the indictment cannot be sustained. It is ambiguous, uncertain, repugnant and defective in its averments and negations.

The judgment is reversed, with costs; and the cause is remanded, with directions to the court below to sustain the

motion to quash.    The clerk will give the proper order for
the return of the prisoner.