GEORGE GREEN, APPELLANT, v. THE WALKILL NATIONAL BANK AND JOHN BURROUGHS, AS RECEIVER, RESPONDENTS.*

*Receiver — of national bank — action by creditor.*

The appointment of a receiver under the national bank act does not absolutely dissolve the corporation, and in an action to establish the claim of a creditor which has been rejected either by the comptroller or receiver, the bank and the receiver may both be made parties defendant.

*Pahquioque Bank* v. *Bethel Bank* (36 Conn., 325; S. C., 14 Wallace, 283) followed.

* This case was decided at the December term, 1875.

APPEAL from a judgment dismissing the complaint, entered at the Orange county Circuit, in an action brought against a national bank and its receiver to establish the claim of a creditor against such corporation.

*D. D. McKoon*, for the appellant.

*Dill & Royce*, for the respondents.

TAPPEN, J. :

This is an appeal from a judgment dismissing plaintiff's complaint, at the Orange Circuit. The action is brought to recover the value of a bond for $1,000, which plaintiff alleges the bank converted to its own use, etc. The bank failed in December, 1872, and the Comptroller of the currency appointed Burroughs receiver, who is joined as defendant, it being alleged that he refuses to allow or to hear the plaintiff's claim; no personal judgment is sought against him. The court dismissed the complaint at the Circuit before any proofs were offered. The defendant moved for the dismissal upon the ground that no cause of action was stated against either defendant. The exceptions were ordered to be heard at the General Term in the first instance. The defendants argue at General Term, in support of the dismissal, that no action will lie against the bank because of its dissolution, and that it is no longer a body corporate. A similar question was presented in *Pahquioque Bank* v. *First Nat. Bank of Bethel* (36 Conn., 325), and the appellate court then held that the appointment of a receiver under the national bank act does not work an absolute dissolution of the corporation. The law under which the bank was organized is known as "An act to provide a national currency," etc., approved February 25, 1863, and June 3, 1864. It provides in the fiftieth section that in the case of banks which have suspended, and are being wound up by the Comptroller, by means of a receivership, the Comptroller shall make a ratable dividend on all claims that may have been proved to his satisfaction or *adjudicated in a court of competent jurisdiction*. Jurisdiction is given by the act to State courts in a county where the institution is located. The Connecticut case, which will also be found in 14 Wallace, 283, also holds further, that when the creditor has established his claim, he does not

acquire a lien on the property nor secure any preference; that he must take his position with other creditors whose claims are allowed or proven, and await the action of the Comptroller in the distribution of the assets realized by the receiver.

That the action is maintainable in this form is also held in *Kennedy* v. *Gibson* (8 Wall., 506). The receiver is a proper party in proceedings for the adjudication of claims against the bank. (*Turner* v. *Bank of Keokuk*, 26 Iowa, 262.) The act of congress has not made either the Comptroller or the receiver the final tribunal for the decision of the rights of parties making claims against a national bank, which is being closed out, and such legislation, if attempted, would be of doubtful validity. In *Bank* v. *Kennedy* (17 Wall., 19), the court held that the receiver might sue in his own name, or in the name of the bank. The two positions taken by the defendants are not consistent with each other; they firstly claim that the Comptroller is the only party to whom the claim can be presented, or "*who can be sued*," and, on the other hand, they quote the case of *The Bank of Selma* v. *Colby* (U. S. S. C., Oct., 1874), to the effect that the comptroller is to discharge his duties in disposing of and distributing the assets "*without interference by courts.*"

We think the rule laid down in the Connecticut case is the law, and hold that the corporation is not absolutely dissolved; that both it and the receiver may be made parties to an action to establish the claim of a creditor which has been rejected either by the Comptroller or receiver, and that the plaintiff's action was well brought for that purpose; and further, that the recovery of a judgment does not give either lien or priority to the creditor. It seems that the peculiar or indefinite language of section 50 of the act leaves it in doubt, whether the receiver or the Comptroller is the proper party for the adjudication of claims; but the receiver being the active agent for the protection of the bank and its creditors, and being within the same jurisdiction as the bank, he is a proper party in such proceedings.

The judgment should be reversed and a new trial ordered at Circuit, costs to abide the event.

Present—TAPPEN and TALCOTT, JJ. BARNARD, P. J., not sitting.

New trial ordered, costs to abide event.