DAVID HAMILTON, PLAINTIFF IN ERROR, vs. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

In an indictment for procuring property by false pretences, it is not sufficient to charge that the prisoner " designedly, and by a false pretence, and with intent to defraud one A. P., did obtain with such intent the following property." It must charge what that pretence was, and allege specifically that it was false.

Error to the Circuit Court for Duval county.

The facts of the case are stated in the opinion of the court.

*H. A. Pattison* for Plaintiff in Error.

*The Attorney-General* for the State.

MR. JUSTICE VANVALKENBURGH delivered the opinion of the court.

This was an indictment for procuring property by false pretences, under section 20, chapter 4, of the act entitled " an act to provide for the punishment of crimes and proceedinge in criminal cases ," approved August 6th, 1868. The section reads as follows: " Whoever designedly by a false pretence, or by a privy or false token, and with intent to defraud, obtains from another person any property, or obtains with such intent the signature of any person to a written instrument, the false making whereof would be punishable as forgery, shall be punished by imprisonment in the State penitentiary not exceeding ten

years, or by fine not exceeding five hundred dollars and im-
prisonment in the county jail not more than one year; but
the provisions of this section shall not apply to any pur-
chase of property by means of a false pretence relating to
the purchaser's means or ability to pay, when, by the terms
of the purchase, payment for the same is not to be made
upon or before the delivery of the property purchased,
unless such pretence is made in writing and signed by the
party to be charged."

Before this cause came on for trial, the counsel for the
prisoner moved the court to quash the indictment for the
reason that it does not allege and state what the false pre-
tences were upon which the property was obtained. This
motion was overruled by the court. A subsequent motion
was then made on behalf of the prisoner to compel the State's
solicitor to amend the indictment, so that it should contain
an averment that the false pretence was reduced to writing
and signed by the accused, or otherwise, according to the
meaning of the statute. This motion was also denied by
the court, and the prisoner was then tried by a jury and
found guilty, whereupon counsel for the prisoner made a
motion in arrest of judgment, for the reasons before stated.
The court refused such motion, and sentenced the prisoner
to five years' confinement in the State prison, at hard labor,
and to pay the costs of the suit to be taxed.

The case is here by writ of error brought by the prisoner,
David Hamilton.

The indictment upon which he was tried and convicted
reads as follows:

" The grand jurors for the State of Florida, duly empan-
eled and sworn diligently to inquire, and due presentment
make, in and for the body of the county of Duval, upon
their oaths do present, that David Hamilton, late of said
county of Duval, laborer, on the 5th day of May, A. D.
1877, in the county and State aforesaid, designedly, and by

a false pretence, and with intent to defraud one Alexander K. Percival, then and there being, did obtain, with such intent, the following property, to-wit: two pairs of shoes of the value of seven dollars and fifty cents, of the goods and chattels of the said Alexander K. Percival, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Florida."

This indictment is bad, and should have been quashed on the motion made for that purpose. It states simply a conclusion of law, that Hamilton had obtained two pairs of shoes from Percival by a false pretence. What was that pretence, and was it false? Whatever it may have been, it should have been set out in the indictment with clearness and certainty, and the pretences should have been specifically negatived. The term "false pretence" is said to be of extensive meaning, and could be made to cover almost any false statement made by one party in obtaining goods or property from another. · Yet such statements may not amount to a criminal offence. A lie might easily be construed into a false pretence, yet, however great the moral turpitude of the man who utters it, it would hardly do to punish the offender in every case by years of imprisonment in the penitentiary. A common pleading at law to recover the value of the property would have been more certain and satisfactory than this indictment for an offence which might involve the liberty of the prisoner for the term of ten years. An indictment should be more certain than a pleading at law, for the reason that it is penal, and is to be answered with more precision. The prisoner must be informed what pretences he is called upon to answer, and he cannot be put upon his trial until he is made acquainted with the specific charges against him.

It is therefore not sufficient to aver that the offence was effected by a false pretence. The indictment must show what that false pretence was, and those pretences must be

specifically negatived. See Wharton Crim. Law, §§2148, 2158; 1 Hawkins P. C., 323; Rex vs. Mason, 2 Term R., 581, and cases cited; People vs. Haynes, 11 Wend., 557; State vs. Locke, 35 Ind., 419; State vs. Webb, 26 Iowa, 262.

The judgment must be reversed, and an order will be entered that the indictment be quashed and the prisoner discharged, unless he is held by some other legal process.