No. 9935.

## THE STATE *v.* BEEBE.

CRIMINAL LAW. — *Pleading.—Certainty.* — *Affidavit and Information.* — In charging offences, the same certainty is required in the affidavit and information that is necessary in an indictment, and the information must be quashed if the affidavit upon which it is based is insufficient.

SAME.— *Venue.*—An affidavit, like an indictment, must in some manner name with certainty the county and State in which the offence charged was committed.

From the Jefferson Circuit Court.

*D. P. Baldwin*, Attorney General, *W. W. Thornton* and *E. G. Hay*, Prosecuting Attorney, for the State.

NIBLACK, J.—This was a criminal prosecution, upon affi-davit and information, under section 80 of the misdemeanor act of 1881, R. S. 1881, section 1983.

Omitting the signature and jurat, the affidavit was as fol-lows:

> "IN THE JEFFERSON CIRCUIT COURT,  
> "October Term, 1881.

"STATE OF INDIANA *v.* ROBERT BEEBE:

"Charles Black, being duly sworn, on his oath says, that Robert Beebe, on the 11th day of November, 1881, at said county of Jefferson, did then and there, by words, signs and gestures, unlawfully attempt to provoke the said Charles Black to commit an assault and battery upon the body of him, the said Robert Beebe, the said Charles Black having then and there the present ability to commit said assault and battery."

The charging part of the information substantially followed the affidavit.

The defendant moved the court to quash the affidavit and information, upon the ground that no venue was named in the affidavit. The motion to quash was sustained, and the de-fendant discharged.

Error is assigned upon the decision of the court quashing the affidavit and information.

An indictment must, in some manner, name with certainty the county and State in which the offence charged was com-mitted.

This may be done in the body of the indictment, or may be first stated in the caption, and afterwards referred to in some appropriate way in connection with the venue of the offence. Moore's Criminal Law, section 165; *Evarts* v. *State,* 48 Ind. 422; *Long* v. *State,* 56 Ind. 133; *State* v. *Schultz,* 57 Ind. 19; R. S. 1881, section 1755.

In charging offences, the same certainty is required in the affidavit and information that is necessary in an indictment. Moore's Criminal Law, section 134; *Walker* v. *State,* 23 Ind. 61; R. S. 1881, section 1731.

As an information must be based upon an affidavit, it will be quashed when the affidavit is insufficient. Moore's Criminal Law, section 135; *State* v. *Cuppy*, 50 Ind. 291; *Davis* v. *State*, 69 Ind. 130.

As has been seen, the affidavit filed in this cause did not either name, or in any other manner distinctly indicate, the State in which the alleged offence was committed. It was for that reason insufficient to support the information based upon it. There was, consequently, no error in quashing both it and the information.

The judgment is affirmed.