No. 11,312.

### STRADER v. THE STATE.

CRIMINAL LAW.—*Information.*—*Affidavit.*—In a prosecution by information, if the affidavit be not as certain in charging the offence as is required of an indictment, the information based on it should be quashed.

SAME.—*Rape.*—Where the affidavit stated that the defendant, at, etc., "upon one A., a female child, * * did then and there, unlawfully, feloniously and forcibly make a violent assault upon her, the said A., then and there, unlawfully and feloniously did ravish and carnally know," the information founded thereon should be quashed.

From the Morgan Circuit Court.

*J. V. Mitchell* and *J. F. Cox*, for appellant.

*F. T. Hord*, Attorney General, *F. P. A. Phelps*, Prosecuting Attorney, and *A. W. Scott*, for the State.

NIBLACK, J.—This was a prosecution upon affidavit and information against Brantly Strader, the appellant, for rape upon a female child under the age of twelve years. Trial by jury. Verdict finding the appellant guilty as charged, and fixing his punishment at imprisonment in the State's prison for the term of five years. Judgment on the verdict.

Before pleading to the charge against him, the appellant moved to quash both the affidavit and information, but the court overruled his motion, and it is upon that decision that

error is first assigned upon the proceedings in the circuit court.

The charging part of the affidavit was as follows: "Levi Baker, being by me duly sworn, upon oath, states that on the 4th day of May, 1883, at the county of Morgan, State of Indiana, one Brantly Strader did then and there, in and upon one Addie Young, a female child under the age of twelve years, to wit, of the age of ten years, did then and there, unlawfully, feloniously and forcibly make a violent assault upon her, the said Addie Young, then and there, unlawfully and feloniously did ravish and carnally know."

The ancient strictness required in framing indictments or informations has been very much relaxed in this State by statutes enacted since our present Constitution was adopted, but criminal charges must still be preferred with reasonable certainty in all their essential averments. There must be sufficient certainty to fully inform the defendant as to the nature of the offence intended to be charged against him, and to enable the court and jury to understand distinctly what they are to try; also, to make the record show for what the defendant was put in jeopardy. *Ambiguity* or *uncertainty* in charging an offence must be taken most strongly against the State. As to certainty in pleading generally, see the cases of *Pittsburgh, etc., R. W. Co.* v. *Troxell,* 57 Ind. 246 ; *Pittsburgh, etc., R. W. Co.* v. *Hannon,* 60 Ind. 417 ; *Ricketts* v. *Sandifer,* 69 Ind. 318.

An indictment or information may be quashed when it does not state the offence with sufficient certainty. R. S. 1881, section 1759 ; Bicknell Crim. Pr. 81 ; Indiana Crim. L. 8 ; Moore Crim. L., section 155 ; *Walker* v. *State,* 23 Ind. 61 ; *Keller* v. *State,* 51 Ind. 111 ; *Arbintrode* v. *State,* 67 Ind. 267 (33 Am. R. 86) ; 1 Bishop Crim. Proc., sections 323 and 506. In charging a criminal offence the same certainty is required in the affidavit and information that is necessary in an indictment, and the information must be quashed if the affidavit

upon which it is based is insufficient. *State* v. *Beebe*, 83 Ind. 171. As a careful reading will disclose, the last clause of the charging part of the affidavit, herein above set out, has no conjunctive connection with, and is hence not qualified by, that which precedes it. Considered in the disconnected position in which we find it, this clause conveys no definite legal meaning. It does not charge that the appellant ravished and carnally knew Addie Young, or any other specifically named person. As an independent or disconnected part of a sentence, it is fatally uncertain and palpably incomplete.

We may easily infer what the affiant probably had in his mind when he made the affidavit, but that is not sufficient in criminal pleading. The affidavit, in a case like this, must be construed with reference to the words and phrases used in its construction, and to the relative connection in which those words and phrases are employed, each with reference to the other. Thus construed, the affidavit in this case was insufficient to support an information for rape against the appellant. It can not be sustained either as containing a charge of an assault merely as a distinct and independent offence, because of its failure to resort to the present statutory definition of an assault by charging the appellant's ability to injure the said Addie Young. *State* v. *Trulock*, 46 Ind. 289; R. S. 1881, section 1910; *McCulley* v. *State*, 62 Ind. 428.

The circuit court ought to have sustained the appellant's motion to quash both the affidavit and the information.

The judgment is reversed and the cause remanded for further proceedings.

The clerk will give the proper notice for the return of the appellant to the custody of the sheriff of Morgan county.

Filed Jan. 2, 1883.