Filed Sept. 17, 1884.

---

## No. 11,713.

### BRUNSON v. THE STATE.

CRIMINAL LAW.—*Information.—Affidavit.—Motion to Quash.*—An information based upon an insufficient and defective affidavit should be quashed on motion, as also the affidavit itself.

SAME.—*Obstructing Legal Process.*—An affidavit in a criminal prosecution, under section 2034, R. S. 1881, for freeing one under legal arrest, must charge that the defendants forcibly freed such person, knowing him to be under arrest.

From the Hamilton Circuit Court.

*W. Booth,* for appellant.

*F. T. Hord,* Attorney General, and *W. B. Hord,* for the State.

NIBLACK, J.—Jesse Mendenhall made oath, before a proper officer, that on the 13th day of December, 1883, he was a duly elected, qualified and acting constable of Jackson township, in Hamilton county, in this State; that on that day one Edwin M. Tomlinson was found in a public place, to wit, on the streets and sidewalks of the town of Buena Vista, in said county of Hamilton, and in the view and the presence of him, the said Mendenhall, in an unlawful state of intoxication; that he, said Mendenhall, as such constable, then and there arrested said Tomlinson, " and immediately thereafter * * Franklin Brunson, Calvin Brunson and Zeph Achenbaugh, and then and there unlawfully, with force and arms, assaulting, beating and wounding affiant, and forcibly taking said

Tomlinson from the custody of affiant, defendants then and there well knowing all the above facts."

This affidavit having been deposited with the clerk of the Hamilton Circuit Court, the prosecuting attorney filed an information upon it, concluding with the charge that Franklin Brunson, Calvin Brunson and Zeph Achenbaugh freed Tomlinson from his arrest by then and there forcibly taking him from the custody of Mendenhall.

A motion to quash both the affidavit and information being first overruled, the court trying the cause acquitted Calvin Brunson and Achenbaugh, but found Franklin Brunson guilty as charged, and adjudged him to pay a fine of one hundred dollars.

Error is assigned here upon the decision of the court overruling the motion to quash the affidavit and information.

Section 2034, R. S. 1881, enacts that " Whoever obstructs the execution of any legal process, or who shall forcibly free any person from legal arrest knowing such person to be under arrest, shall be fined not more than ten thousand dollars nor less than one hundred dollars, to which may be added imprisonment in the county jail not exceeding one year."

It may be that there has been some mistake in copying the affidavit as it was really made and filed, but, however that may be, we can only deal with that instrument as we find it in the record. As we thus find it, it does not charge either directly, or by any fair implication, that the defendants below forcibly freed Tomlinson from arrest. As regards any connection which those defendants may have had with the arrest of Tomlinson, the affidavit is confused and uncertain, and hence materially defective.

When the affidavit is insufficient, the information based upon it can not be sustained. State v. Beebe, 83 Ind. 171 ; Strader v. State, 92 Ind. 376.

The motion to quash ought, therefore, to have been granted both as to affidavit and information. State v. Tuell, 6 Blackf. 344.

The judgment against Franklin Brunson is reversed, and the cause remanded for further proceedings consistent with this opinion.

Filed Sept. 16, 1884.