Engle v. The State.

No. 11,669.

ENGLE v. THE STATE.

INTOXICATING LIQUOR.—*Sale to Habitual Drunkard.*—*Notice by Wife.*—*Citizen.*—*Statute Construed.*—Section 2093, R. S. 1881, requires that the notice therein referred to, regarding the selling or giving of intoxicating liquor to a person who is in the habit of becoming intoxicated, must be given by a citizen of the township or ward in which the person referred to resides, and an averment that the wife of a citizen of such township or ward has given such notice is not sufficient.

CRIMINAL LAW.—*Defective Affidavit.*—*Information.*—Where the affidavit is essentially defective, the defect extends with equal fatality to the information based thereon.

From the Huntington Circuit Court.

*B. F. Ibach,* for appellant.

*G. W. Gibson,* Prosecuting Attorney, and *J. M. Hiltebrand,* for the State.

NIBLACK, J.—This was a prosecution upon affidavit and information under section 2093, R. S. 1881. The affidavit was in two counts, and the venue of the offences charged was laid in Huntington county in this State.

The body of the first count was as follows:

"Eliza Ricker, being sworn, on her oath says that one Andrew Engle, late of said county, on the 15th day of January, 1883, at said county and State aforesaid, did then and there unlawfully sell a less quantity than a quart, to wit, one half pint of intoxicating liquor, to wit, one half pint of beer, at and for the price of five cents, to one David H. Ricker, who was then and there, at the time of such sale, a person in the habit of being intoxicated, after notice in writing had been given him, the said Andrew Engle, on May 19th, 1879, by Eliza Ricker, who was then and there the wife of the said David H. Ricker, a citizen of Huntington township in said county, that he, the said David H. Ricker, was a person in the habit of being intoxicated."

The second count was in substantially the same language,

except that it charged Engle with having *given* intoxicating liquor to Ricker, after notice as alleged in the first count.

The information was, also, in two counts, following and responsive to the counts of the affidavit.

A motion to quash both the affidavit and information being first overruled, a jury found Engle guilty as charged in the second counts of the affidavit and information respectively, fixing his punishment at a fine of $100, and judgment followed upon the verdict.

In its natural order the first question presented here is, Did the circuit court err in overruling the motion to quash the affidavit and information?

Section 2093, *supra*, declares that "Whoever, directly or indirectly, sells, barters, or gives away any spirituous, vinous, malt, or other intoxicating liquor to any person who is in the habit of being intoxicated, after notice shall have been given him, in writing, by any citizen of the township or ward wherein such person resides, that such person is in the habit of being intoxicated, shall be fined not more than one hundred dollars nor less than fifty dollars, to which may be added imprisonment in the county jail not more than one year nor less than thirty days, and disfranchised and rendered incapable of holding any office of trust or profit for any determinate period." This section is a substitute for section 10 of the act of March 17th, 1875, relating to the sale of intoxicating liquor (1 R. S. 1876, p. 869), which was in force on the 10th day of May, 1879, the day on which the notice in writing referred to in the affidavit is alleged to have been given. By a reference to this latter section it will be observed that the notice contemplated by it might be given by a wife, child, parent, brother or sister of the person who was in the habit of being intoxicated; whereas the notice now provided for must be given by a citizen of the township or ward in which the person so in the habit of being intoxicated resides.

As we construe the affidavit, it declares David H. Ricker to have been a citizen of Huntington township, in Hunting-

ton county, but is silent as to the citizenship of Eliza Ricker, his wife, who gave Engle the notice relied on for a conviction in this case. ˙ Certain qualifications, or attributes, are necessary to confer citizenship, either within the State or within the United States, as the case may be, and citizenship of the husband does not of itself confer citizenship upon the wife.

A wife may reside for years, or for a lifetime, with her husband without thereby acquiring citizenship in the township· or ward in which he is domiciled, or, indeed, within the State of his residence.

An averment, therefore, that the wife of a citizen of some particular municipality has performed a specific act, is not the equivalent of an averment that the act was performed by a citizen of that municipality.

For these reasons we feel constrained to hold that the failure of the affidavit to aver that Eliza Ricker was also a citi-- zen of Huntington township, in Huutington county, was a material omission, and hence fatal to the sufficiency of the affidavit.

It may be contended that the averment of citizenship, following the name of David H. Ricker, ought to be construed as applying to Eliza Ricker, the wife. But that construction would leave the affidavit without any allegation as to David H. Ricker's place of residence, which would be as fatal to its. sufficiency as the construction we have placed upon it.

When, as in this case, the affidavit is essentially defective, the defect extends with equal fatality to the information resting upon it. *State* v. *Beebe,* 83 Ind. 171 ; *Strader* v. *State,* 92 Ind. 376 ; *Brunson* v. *State, ante,* p. 95.

Our conclusion necessarily is that the motion to quash the affidavit, as well as the information, ought to have been sustained.

The judgment is reversed, and the cause remanded for· further proceedings.

Filed Sept. 20, 1884.