Rice *v.* The State.

No. 2,019.

RICE *v.* THE STATE.

CRIMINAL LAW.—*Affidavit and Information.—Sufficiency Of.*—An information founded on an affidavit omitting the name of the county in which the offense charged was committed is bad, on a motion to quash.

From the Warren Circuit Court.

*J. F. Hanly* and *H. D. Billings,* for appellant.

*W. A. Ketcham,* Attorney-General, for State.

DAVIS, C. J.—The appellant assigns as error, in this court, the overruling by the court below of—

1. The motion to quash the affidavit and information.

2. The motion for a new trial.

The affidavit upon which the information was based, omitting the signature and jurat., reads as follows:

"STATE OF INDIANA, |    Warren Circuit Court.
          *v.*             }
GEORGE RICE.     |    October Term, 1895.

"Balzer Kramer, being duly sworn on his oath, says, that on October 10, 1895, at said county and State, George Rice did then and there in a rude, insolent, and angry manner, unlawfully touch, beat, and strike the person of him, the said Balzer Kramer, contrary to," etc.

Counsel for appellant urge that the county in which the offense charged was committed, is not named in the affidavit, and therefore the affidavit is insufficient. *State* v. *Beebe,* 83 Ind. 171. And that an information

founded on such an affidavit is bad on a motion to quash. *Davis* v. *State*, 69 Ind. 130; *Strader* v. *State*, 92 Ind. 376; *Brunson* v. *State*, 97 Ind. 95.

These opinions of the Supreme Court above cited cover a period extending from the November term, 1879, to September 20, 1884, and are really based upon the rule laid down in the cases cited in *Davis* v. *State*, *supra*, all of which were decided under the act of 1852 (Acts of 1852, pp. 363-364, vol. II).

Under that act, the prosecution by information included only "all offences not within the jurisdiction of the grand jury, or the exclusive jurisdiction of justices of the peace. (Section 19.) And the affidavit upon which the information was based was required to "set forth the offences of the person charged in plain and concise language, and file the same with the clerk or prosecuting attorney."

By section 22, the names of the witnesses were required to be furnished when the affidavit was made, and by section 24, "the affidavit must be filed with the information."

This continued to be the law of the State at the time *Justice* v. *State*, 17 Ind. 56, was decided. (2 Gavin & Hord, pp. 394-5, and 2 Davis, pp. 376-7.)

In 1873 (see note 1, p. 376, 2 Gavin & Hord) the prosecution by affidavit and information was extended to cover misdemeanors cognizable in the circuit courts over which the grand jury had jurisdiction by indictment. The law remained thus without amendment until the Act of March 29, 1879. (Acts of 1879, p. 143.)

This was an extension of the power to prosecute by affidavit and information, and conferred the power to prosecute felonies, and it was upon this law that *Davis* v. *State*, *supra*, was decided, the court saying, at page 132:

"The general mode of prosecution for a felony is by indictment found by a grand jury, and that by affidavit and information is an exceptional mode, confined to a few cases. It was meant by the statutory provision above set out, to authorize a prosecution by affidavit and information for the particular felony on a charge of which the person is in custody, where no grand jury is in session, and not for any other or different felony."

It will be noted that this act of 1879 did not purport to be an amendment of the criminal code, but was an independent statute, which materially modified the common law rule, and by implication only, if at all, amended the criminal code generally.

In 1881, however, this provision, extended somewhat, was embodied as an integral part of the criminal code. (Acts of 1881, section 106, p. 134.)

While it is true, that all of the cases cited above, except *Davis* v. *State*, were decided subsequent to the adoption of the code of 1881, no particular attention seems to have been given to the change in the criminal code, made by the General Assembly in 1881, and the rule laid down in *Davis* v. *State* seems to have been carried forward, as if the particular provision in force should be construed strictly as being an invasion of the common law, and not so as to arrive at the intention of the Legislature, which was, by making it a part of the code, to recognize quite broadly the right to prosecute, except in the instances forbidden by the terms of the statute, all misdemeanors, and, under certain circumstances, all felonies, except treason and murder.

In this connection the attorney-general says:

"If the authorities in this State, as they now stand, are to govern, it would seem to preclude the possibility of an argument in support of the ruling of the

lower court upon the motion to quash the affidavit and information.

"Upon the authority of *Davis* v. *State*, 69 Ind. 130, followed in *State* v. *Beebe* 83 Ind. 171; *Strader* v. *State*, 92 Ind. 376; *Brunson* v. *State*, 97 Ind. 95, and *State* v. *Dixon*, 97 Ind. 125, the affidavit in this case is not sufficient. It does not, we think, sufficiently describe the venue, and if the above cases are to be adhered to, in our judgment, this case should be reversed. * * * *

"We submit that the act of 1881 ought to be construed in the same manner as the act of 1879 is construed by Judge Worden, in *Davis* v. *State*, *i. e.*, as an innovation upon the common law, and, therefore, to be restricted and hedged about.

"The tendency of recent decisions, with reference to the right of prosecution by affidavit and information, is to enlarge rather than to restrict such right, and to require the defendant, if the circumstances are not such as to justify such a prosecution, to plead in abatement, rather than to require the affidavit and information to show a reason why that course of prosecution is adopted. *State* v. *Frain*, 82 Ind. 532; *Hodge* v. *State*, 85 Ind. 561; *Powers* v. *State*, 87 Ind. 97; *Elder* v. *State*, 96 Ind. 162; *Nichols* v. *State*, 127 Ind. 406.

"While it is the opinion of jurists, lawyers, and courts, that the honored grand jury system should not be abolished, or altogether discarded, the tendency has been to greatly enlarge the power to prosecute in a less cumbersome manner than by indictments returned by the grand jury, and we submit, therefore, that the rigid requirements of the cases above cited are not in harmony with the later decisions based upon the general theory of prosecution by affidavit and information, although we are unable to find any case in this State which questions the authority of the

above cited cases. If the rule is to be altered, this is, perhaps, as good a place to begin as the court can find, and it does not seem that the particular appellant in this case will be injured by establishing a different rule, if a different rule is to be established; and under the liberal rule sanctioned by the statute and recognized by this court, as to the waiving of technical errors, it may well be said that under the statute as it now stands, the affidavit is not such an integral part of the information that it must contain all of the particulars required in an indictment, but that it is to be construed rather as a means of conveying knowledge to the prosecuting attorney, who is a constitutional officer, charged with official duties of the highest character, and who, in the filing of an affidavit, is acting under the obligation of his official oath. It would seem that all the requirements of the statute, as to prosecutions, will be met, and that all safeguards of the innocent will be preserved, if the affidavit and information are construed together; and if, when so considered, they sufficiently notify the defendant of the facts which he will be compelled to meet upon the trial, the statute will be deemed sufficiently complied with."

The attorney-general submits that "taking the affidavit and information together, as they should be construed, the defendant was informed that he was accused of having committed the crime named, in the county of Warren, and State of Indiana, and, therefore, that he had full notice of the particular crime of which he was charged."

Although the attorney-general concedes that his argument is made with some hesitation, we are much impressed with it, especially as applicable to the case under consideration.

We feel bound, however, by the authorities cited above.

Judgment reversed, with instructions to sustain the motion to quash the affidavit and information.

