STATE, *ex rel.,* RAY MOIR, v. NATHAN MAYO, as Commissioner of Agriculture and Custodian of Prisoners.

163 So. 521.
Opinion Filed October 12, 1935.

*H. O. Brown,* for Petitioner;

*Cary L. Landis,* Attorney General, and *Roy Campbell,* Assistant, for Respondent.

WHITFIELD, C. J.—In habeas corpus proceedings it appears that the petitioner is held in the State Prison under a commitment from the Court of Record of Escambia County, Florida, predicated upon a plea of guilty and a judgment of conviction and sentence to two years' impris-

onment in the State Penitentiary. The information upon which the petitioner pleaded guilty charged that the accused:

"Designedly by a false pretense, and with intent then and there to defraud One, Charles Liberas, then and there obtained from the said Charles Liberas certain property belonging to him, the said Charles Liberas, to-wit: $5.00 of the coin and currency of the United States of the lawful money of the United States of the value of $5.00, and that said pretense was then and there relied on by the said Charles Liberas and that by means thereof he, the said Charles Liberas, WAS THEN and there induced to part with his said property aforesaid to the said Ray Moir."

The statute provides that:

"Whoever designedly by a false pretense, or by a privy or false token, and with intent to defraud, obtains from another person any property, or obtains with such intent the signature of any person to a written instrument, the false making whereof would be punishable as forgery, shall be punished by imprisonment in the State Prison not exceeding ten years, or by fine not exceeding five hundred dollars; but the provisions of this section shall not apply to any purchase of property by means of a false pretense relating to the purchaser's means of ability to pay, when by the terms of the purchase payment for the same is not to be made upon or before the delivery of the property purchased unless such pretense is made in writing and signed by the party to be charged." Sec. 7258 (5155) C. G. L.

In Hamilton v. State, 16 Fla. 288, where there was a trial and conviction on an indictment somewhat like the information here, under a similar statute, it is said:

"This indictment is bad, and should have been quashed on the motion made for that purpose. It states simply a

conclusion of the law, that Hamilton had obtained two pairs of shoes from Percival by a false pretense. What was that pretense, and was it false? Whatever it may have been, it should have been set out in the indictment with clearness and certainty, and the pretenses should have been specifically negatived. The term 'false pretense' is said to be of extensive meaning, and could be made to cover almost any false statement made by one party in obtaining goods or property from another. Yet such statements may not amount to a criminal offense. A lie might easily be construed into a false pretense, yet, however great the moral turpitude of the man who utters it, it would hardly do to punish the offender in every case by years of imprisonment in the penitentiary. A common pleading at law to recover the value of the property would have been more certain and satisfactory than this indictment for an offense which might involve the liberty of the prisoner for the term of ten years. An indictment should be more certain than a pleading at law, for the reason that it is penal, and is to be answered with more precision. The prisoner must be informed what pretenses he is called upon to answer, and he cannot be put upon his trial until he is made acquainted with the specific charges against him.

"It is therefore not sufficient to aver that the offense was effected by a false pretense. The indictment must show what the false pretense was, and those pretenses must be specifically negatived. See Wharton Crim. Law, Secs. 2148, 2158, 1 Hawkins P. C., 323; Rex v. Mason, 2 Term R., 581, and cases cited; People v. Haynes, 11 Wend., 557; State v. Locke, 35 Ind., 419; State v. Webb, 26 Iowa, 262."

See also Reyes v. State, 34 Fla. 181, text page 184, 16 So. 875.

"An indictment charging the crime substantially in the

language of the statute will be adjudged good, unless it becomes necessary to state the circumstances which constitute the definition of the offense charged in order to advise the prisoner of the nature of the charge against him, as would be the case where the indictment for publishing an obscene figure or picture failed to give any description of the same sufficient to advise the defendant of the nature of the charge against him, a defect that may be taken advantage of by motion in arrest of judgment. Reyes v. State, 34 Fla. 181, 15 South. Rep. 875; Hamilton v. State, 30 Fla. 229, 11 South. Rep. 523; Stevens v. State, 18 Fla. 903." Mills v. State, 58 Fla. 74, Text pages 77-78, 51 So. 278.

In this case, the accused pleaded guilty and cannot on habeas corpus secure a discharge for defects in the information that do not render the judgment illegal or void; but which could have been challenged by motion to quash or in arrest of judgment and on writ of error duly presented; or which may be reviewed by certiorari as was done in Haile v. Bullock, 83 Fla. 538, 91 So. 683. See also Haile v Gardner, 82 Fla. 355, 91 So. 376.

Motion to quash the return is denied.

TERRELL, BROWN, BUFORD and DAVIS, J. J., concur.