PER 'CURIAM.
July 10, 1962, counsel for Arthur Burton filed a petition for writ of habeas corpus in this court. We granted the writ and required a return from the respondent as sheriff of Palm Beach County. Counsel for both parties have favored us with comprehensive briefs.
The return reveals that petitioner was informed against in the Criminal Court of Record in and for Palm Beach County, Florida, on three counts for the “substantive felony of accessory before the fact to uttering a forgery” and three counts for conspiracy. Petitioner’s attorney of record at ¡that time filed a motion to quash said information which motion was overruled. Upon a trial by jury petitioner was found guilty on all three counts charging “substantive felony” and sentenced to five years on each count, sentences to run concurrently.
On appeal the District Court of Appeal, Second District, affirmed the judgment and sentence. Burton v. State, 128 So.2d 765. The Supreme Court of Florida denied cer-tiorari without opinion. (See Fla., 133 So. 2d 645.) The Supreme Court of the United States also denied certiorari without opinion. (See 370 U.S. 905, 82 S.Ct. 1251, 8 L.Ed.2d 401, and 370 U.S. 965, 82 S.Ct. 1588, 8 L.Ed.2d 834.) Petitioner was represented by competent counsel at every step in these proceedings, however, present counsel was apparently not retained until sometime after the Supreme Court of Florida denied certiorari.
Petitioner raised numerous points to support his discharge from confinement, but it appears that the main thrust of his argument is directed to the sufficiency of the information under which he was tried. The respondent admits that the information is inartfully or defectively drawn but contends that it does not “utterly fail” to charge a crime under the laws of the State of Florida. See Hitson v. Mayo, 1957, Fla., 99 So.2d 297, and Padgett v. Windham, 1935, 120 Fla. 206, 162 So. 501.
As this court pointed out in Taylor v. Chapman, 1937, 127 Fla. 401, 173 So. 143, 145:
“We have frequently held that habeas corpus is not a substitute for a demurrer, motion to quash, or writ of error, and that it is not a remedy for relief from imprisonment under a judgment based upon a warrant, information, or indictment which is merely defectively or inartificially drawn. Ordinarily, an indictment or information which informs the defendant of the nature of the accusation against him, which does not wholly fail to charge an offense, and which enables a defendant to prepare his defense and protects him from a subsequent prosecution for the same offense, will not on habeas corpus be held so fatally defective as to render the judgment of conviction and commitment rendered thereon void and of no effect. Amos v. Chapman, 108 Fla. 360, 146 So. 98; State ex rel. Moir v. Mayo, 121 Fla. 202, 163 So. 521; Johnson v. State [ex rel. Fox], 99 Fla. *13 711, 127 So. 317; Lehman v. Sawyer, 106 Fla. 396, 143 So. 310; Hepburn v. Chapman, 109 Fla. 133, 149 So. 196. The power to discharge from custody by writ of habeas corpus is one that should be exercised with extreme caution and only in a clear case. It should not be so exercised as to needlessly embarrass the administration of justice. Reffkin v. Mayo, 115 Fla. 214, 155 So. 674.”
Read in its entirety, it is clear that the challenged information adequately informed petitioner of the nature of the accusation against him, the date of its alleged commission and of the particulars surrounding the transaction alleged to be a violation of the statute. It is true that it was inart-fully and may have been defectively drawn, but it did not “utterly” or “wholly fail” to charge the offense for which he was tried.
Petitioner challenges the validity of § 776.02, Florida Statutes, F.S.A. In view of the fact that § 776.02, Florida Statutes, F.S.A., was repealed by Chapter 57-310, no useful purpose would be served by a lengthy discussion of this challenge. Suffice it to say the act as interpreted since its adoption in 1868 does not suffer from constitutional infirmities. See Kauz v. State, 1929, 98 Fla. 687, 124 So. 177; Ex Parte Bowen, 1889, 25 Fla. 214, 6 So. 65, and 4 Fla.Law Jour. 17 and 147.
The other points raised by the petition for writ of habeas corpus have been considered and found to be without merit. See Johnson, State ex rel., v. Mayo, Fla.1954, 69 So.2d 307, 309.
For the reasons above stated, the writ of habeas corpus heretofore issued is discharged and the petitioner is remanded to the custody of the respondent.
It is so ordered.
TERRELL, Acting C. J., O’CONNELL, CALDWELL and HOBSON (Ret.), JJ., and SMITH, Circuit Judge, concur.