## THE STATE v. WATSON.

It is not necessary in an indictment for selling spirituous liquors without license, to state that the defendant had not a *permit* from the clerk of the board of county commissioners to sell, &c.

ERROR to the *Parke* Circuit Court.

SULLIVAN, J.—Indictment for vending spirituous liquors by retail without license.

· The indictment charges that the defendant, at, &c., did unlawfully barter and sell a quantity of spirituous liquor by a less quantity than a quart at a time, to wit, one half pint of whiskey to one *J. L.* for the sum of six and a fourth cents, he the said defendant then and there not being licensed according to law to vend spirituous liquors by retail.

The indictment is founded on the 56th section of the act relative to crime and punishment. Rev. Code of 1831. That act provides, that every person not being licensed according to law to vend spirituous liquors by retail, who may barter or sell any spirituous liquor, &c. by a less quantity than a quart at a time, shall be fined, &c.

The defendant moved to quash the indictment, because it did not also contain a distinct averment, that the defendant had not a *permit* from the clerk of the board of county commissioners to vend spirituous liquors. The Court sustained the motion and quashed the indictment.

The act of 1832 "to license and regulate ·taverns and groceries," prescribes the requisites which shall entitle a person to the privilege of selling spirituous liquors. That privilege is obtained either by application to the board of county commissioners while in session, or to the clerk in vacation. If the privilege be granted by the board, it is called a *license;* if by the clerk, a permit is given to retail until the next meeting of the board. But in either case, any person who obtains permission to sell has a license to do so according to law.

May Term, 1839.

In the present case, if the defendant had a permit from the clerk, it would have been a sufficient justification for him on the plea of not guilty, for a *permit* and a license are substantially the same thing.

The indictment in the present case, in describing the offence, follows the language of the statute. Where an indictment is brought upon a statute which has general prohibitory words in it, it is sufficient to charge the offence generally in the words of the statute. *Rex* v. *Pemberton*, 2 Burr. 1035.— *State* v. *Bougher*, 3 Blackf. 307.— *State* v. *M'Roberts*, 4 Blackf. 178.

The Court erred in quashing the indictment, and the judgment must be reversed.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*W. Quarles* and *J. A. Wright*, for the state.
*T. A. Howard* and *W. P. Bryant*, for the defendant.