Suelivan, J.
The defendant was indicted for retailing spirituous liquors, without license, in the borough of Vincennes. The charge in the indictment is, that the defendant, not being licensed by the president and trustees of the borough of Vin-cennes, according to law, to sell spirituous liqours within the bounds of said borough, did unlawfully sell-, &e. The Court quashed the indictment.
By the 17th section of the act entitled “ An act respecting the borough of Vincennes,” approved January the 27th, 1836, L. Laws, 1836, p. 31, it is declared that it shall not be lawful for any person within the bounds of said borough, to sell, by a less quantity than a quart at a time, any spirituous liquors, for *112 eign or domestic, unless such person, in addition to a license obtained from the board doing county business, obtain a license from the corporation; and the president with the consent of the trustees may grant the same, &c. The 22d section of said act provides, that the act shall not take effect until it shall have •received the sanction of a majority of the legal voters. &e.
FT. O’Neal, for the State.
•S'. Judah, for the defendant.
The first objection taken to the indictment is, that it does not show that the corporation, authorized by the act above referred to, is in existence, nor that the president and trustees have adopted an ordinance to regulate the sale of spirituous liquors. The act of 1836 was amended by a subsequent act, approved February the 14th, 1838. L. Laws, 1838, p. 391.-The 6th section of the amendatory act declares that that act, and the act to Avhich it is an amendment, shall be deemed and taken to be public acts, and. as such may be given in evidence without pleading, - and without proof of the adoption of the same by the people of Vincennes, The averment, therefore, of the existence of the corporation, is made unnecessary by the express terms of the law.
■Nor was it necessary to aver that an ordinance had been ^passed regulating the sale of spirituous liquors. The traffic is prohibited unless a license be obtained; and if the corporation enacts no law licensing the trade, it can not be carried on within its bounds.
The question is also submitted, whether the indietmeni should not show the kind of spirituous liquor which the defendant is alleged to have sold? We think it is not necessary, that the name or mixture should be stated in the indictment. An indictment is sufficiently certain without it, to inform the defendant of the offense with which he is charged, and to guard him against a subsequent conviction for the same offense. 5 Pick., 41; Ib. 42; 1 Chitt. R., 698; 3 Camp., 73.(1)
Per Ouriam.—The judgment is reversed with costs. Cause remanded, &c.-

 An indictment charged that the defendant, on, &c., without license, sold *113 to one T. 6. one pint of spirituous liquors, againBt the peace, <fec. The defendant objected to the indictment, &c.
Shaw, C. J. “ The first exception is, that the species of liquor should have been expressed, as ‘brandy,’ ‘rum,’ &e.
“ The Court are of opinion, that this was not necessary; but that it is sufficient to use the words of the statute, 1 spirituous liquors,’ and that this is sufficiently specific and certain. The description in this statute is, * any brandy, rum, or other spirituous liquors.’ We think the specific terms, brandy and rum, are not used to constitute distinct offenses or classes of offenses, but they were put by way of instance, so connected with the larger term, ‘ spirituous liquors,’ as to give efficiency to the rule of construction ejusdem generis and qualify those more general words.
“ And as coming within the same principle, and a necessary consequence of it, we think the charge of the Court was correct, that proof of the sale of brandy was good evidence to support an indictment for selling spirituous iiqours.” Commonwealth v. Odlin, 23 Pick., 275, 279.