Nov. Term, 1861.

JUSTICE
v.
THE STATE. v. *McCalmont*, 4 Watts, 460. The demurrer to the reply was not, in our opinion, well taken, and the judgment must, therefore, be reversed.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded, &c.

*H. W. Chase* and *J. A. Wilstach*, for the appellant.

------

------

### JUSTICE *v.* THE STATE.

The Court of Common Pleas has jurisdiction in felonies, only in certain specified cases, and the information must show, on its face, such a state of facts as entitles the Court to entertain such jurisdiction.

The information must show that the felony, on charge of which the defendant is alleged to be in custody, is the same felony for which the information is filed.

Where a party is charged with a felony, in a Court not having jurisdiction over the subject matter, the defect of jurisdiction can be taken advantage of on motion to quash, or, in arrest of judgment, or, on appeal.

*Nov. Term, 1861.*

JUSTICE
v.
THE STATE.

APPEAL from the *Knox* Common Pleas.

*Tuesday, November 26.*

WORDEN, J.—Information against the appellant, charging, "that a man calling himself *William Justice*, being a person now in the custody of the sheriff of said county, on a charge of felony, before and without indictment by the grand jury, at the county of *Knox*, and State of *Indiana*, on or about *December* 4, 1859, did, then and there, feloniously steal, take, carry, lead, and drive away, a certain brindle-colored milch cow, of the value of twenty-five dollars, being the personal property, then and there, of *Thomas Bishop*, then and there being found."

On this information, the defendant was tried, convicted, and sentenced to the penitentiary for the term of five years. The appellant has assigned errors, raising a question as to the jurisdiction of the Court below.

The Court of Common Pleas has jurisdiction in felonies, only in certain specified cases, and the information must, on its face, show such a state of facts as entitles the Court to entertain such jurisdiction. *McCarty* v. *The State*, 16 Ind. 310.

In the information before us, no fact is alleged, giving the Court jurisdiction, unless it be that the defendant was in custody on a charge of felony, and that no indictment had been found against him. Whether this is sufficient to give the Court jurisdiction, depends upon the construction which should be given to the following statutory provision, viz., "The Court of Common Pleas, in the several counties of this State, shall have original jurisdiction of felonies, not punishable with death, concurrent with the Circuit Court, in the following cases:

*First.* When a person is in custody on a charge of felony, before indictment by the grand jury." Acts 1859, § 2, p. 94.

This provision, as we construe it, contemplates that the

party is to be in custody on a charge of the particular felony of which the Court is to take jurisdiction. It was clearly not the intention of the Legislature to authorize the Court of Common Pleas, because a party is in custody on a charge of one felony, to try him on a charge of another. If this were the case, if a party were in custody on a charge punishable with death, of which the Court of Common Pleas can, in no case, have jurisdiction, he might, for this reason alone, be tried and convicted in the Common Pleas for an inferior offense.

The information fails to show jurisdiction in the Court below over the offense charged, because it alleges that the defendant was in custody on a charge of felony only, and not that he was in custody on a charge of the felony for which the information was filed.

But it is insisted, that as there was no motion in the Court below, either to quash the information, or to arrest the judgment, the error is not now available. We are of a different opinion. Where a party is charged with a felony, in a Court not having jurisdiction over the subject matter, the defect of jurisdiction can be taken advantage of on motion to quash, in arrest of judgment, or on appeal.

*Per Curiam.*—The judgment is reversed, and the cause remanded. The clerk will certify proper directions for the return of the appellant to the proper county.

*J. A. Thornton, J. E. McDonald* and *A. L. Roache,* for the appellants.

*James G. Jones,* Attorney General, for the State.