Nov. Term,
1861.

SIMPSON
v.
THE STATE.

*William H. Bickle, C. H. Burchenal* and *J. Railsback*, for the appellants.

*Oliver P. Morton*, for the appellee.

---

SIMPSON *v.* THE STATE.

An indictment or information, under § 11 of the act of *March* 5, 1859, (Acts 1859, p. 202,) for selling or giving away liquor to a minor, need not state the kind of liquor sold or given away, but must aver it to have been an "intoxicating liquor;" and on the trial it must appear that the liquor was within the definition of the terms, "intoxicating liquor," given in § 2 of the act.

*Thursday,*
*December 12.*

APPEAL from the *Gibson* Circuit Court.

WORDEN, J.—Indictment for selling intoxicating liquor to a minor.

The indictment charges that the defendant sold to one *Thomas Harrington*, whom the defendant well knew to be a minor, under the age of twenty-one years, a certain quantity of beer, for a sum named, "the said beer, so sold as aforesaid, being then and there intoxicating liquor.

Nov. Term, **1861.**

SIMPSON
v.
THE STATE.

Motion to quash overruled, and conviction.

The objection made to the indictment is, that it does not allege the "beer" to have been either "spirituous, vinous, or malt liquor, or any intoxicating liquor whatever, which is used or may be used as a beverage."

The first section of the act of *March* 5, 1859, (Acts 1859, p. 202,) fixes a penalty for selling any intoxicating liquor by a less quantity than a quart at a time, or to be drunk on the premises of the vendor, without first having procured a license. The eleventh section prohibits, absolutely, the selling, bartering, or giving away of *any intoxicating liquors* to persons under twenty-one years of age.

The second section of the act provides that the words "intoxicating liquors," as used in the act, shall apply to any spirituous, vinous, or malt liquor, or to any intoxicating liquor whatever, which is, or may be, used as a beverage.

An indictment need not state the kind of liquor sold, as rum, gin, brandy, beer, ale, &c. It is sufficient if it allege the liquor to have been intoxicating. *The State* v. *Graeter*, 6 Blackf. 105; *The State* v. *Mullinix*, *id.* 554.

In both sections of the act defining the offense, and fixing the punishment, the words, "intoxicating liquor," are employed, as descriptive of the article, the sale of which is interdicted. We know of no rule in criminal pleading which requires, because another section of the statute has defined what is meant by the words, intoxicating liquor, that the pleader should aver that the intoxicating liquor charged to have been sold, comes within the definition thus given. The Legislature, in the prohibitory sections, have used the words, "intoxicating liquors," with reference to the definition given of them in the second section; and the pleader, we think, may well use them in the same manner.

If, on the trial, it should not appear that the article sold was an intoxicating liquor, as defined by the second section

Nov. Term,
1861.

of the act, there would, of course, be a failure of proof, and the accused would be entitled to an acquittal.

*Per Curiam.*—The judgment is affirmed, with costs.

*James T. Embree*, for the appellant.

*James G. Jones*, Attorney General, for the State.