The State *v.* Carpenter.

## THE STATE *v.* CARPENTER.

CRIMINAL LAW AND PRACTICE.—An information for retailing without license will be bad, unless the affidavit upon which it is based also aver that the sale was made without license.

It is sufficient for the information to aver that the defendant sold "intoxicating liquor," without specifying the kind of liquor sold.

It is not necessary for it to aver that the liquor sold might have been used as a beverage.

APPEAL from the *Steuben* Common Pleas.

PERKINS, J.—Information against *Carpenter* for retailing without license.

The information was quashed. The State appeals.

The affidavit upon which the information was based did not aver that the intoxicating liquor was sold without license, but the information did. The defect in the affidavit was one of substance that the information could not supply. It is necessary that a legal offence shall be charged in the affidavit; otherwise a party would be criminally prosecuted without a charge upon oath. *The State* v. *Downy,* 7 Ind. 237; *The State* v. *Wise, id.,* 645. To constitute retailing a crime, it must be done without license, and so the affidavit and information must charge it to have been done. And so must be the proof on the trial; and the fact that the party had not a license in such cases is proved by his neglect to produce one on the trial, because the natural place for it, if he has one, is in his own possession. See *The State* v. *Watson,* 5 Blackf. 155; Lewis' U. S. Cr. Law, 524; *Howe* v. *The State,* 10 Ind. 423.

The information simply charged, in describing the liquor, that it was intoxicating. The point made on this averment is decided in *Simpson* v. *The State,* 17 Ind. 444. It is there held sufficient. It is said the information should have averred that the liquor might have been used as a beverage; but

the statute itself has no relation to any other kind, without the definition clause. That amounts to nothing. Retailing statutes never related to the compounds sold by druggists. See 5 Blackf. 118; 15 Ind. 449; 5 Ind. 516.

*Per Curiam.*—The judgment is affirmed.

*J. W. Cummings*, District Attorney for the State.

*J. A. Woodhull*, for the appellee.

