## BROADHURST *v.* THE STATE.

CRIMINAL LAW AND PRACTICE.—An information for a felony must show that the felony, on a charge of which the defendant is alleged to be in custody, is the same felony for which the information is filed.

APPEAL from the *Gibson* Common Pleas.

WORDEN, J.—Information against the appellant and one *Franklin Broadhurst,* for the larceny of a pocket book, and 5 dollars in silver coin, the property of *Samuel D. Wallis.*

To give the Court jurisdiction, it was alleged as follows:

"That *Franklin Broadhurst* and *Nathaniel Broadhurst* are now in the custody of the sheriff of said county of *Gibson,* on the charge of having feloniously stolen, taken and carried away, on said 8th day of *March,* A. D. 1862, at and in the county of *Gibson,* and State of *Indiana,* the personal property of one *Samuel D. Wallis;* and, further, that the said *Nathaniel Broadhurst* and *Franklin Broadhurst* have not been indicted by the grand jury of the county of *Gibson* aforesaid, for said offence."

Trial, conviction and judgment that the defendants be imprisoned in the penitentiary for five years.

The information is fatally defective in not alleging facts sufficient to give the Court below jurisdiction. It should have appeared from the information, either by direct averment, or from the facts alleged, that the defendants were in custody on a charge of the same felony for which the information was filed. *Justice* v. *The State,* 17 Ind. 56. This does not appear from the information before us. The defendants might have been in custody on a charge of the larceny of the "personal property of said *Samuel D. Wallis,*" and yet not on a charge of the larceny of the pocket book and money in question.

*McDonald & Roache*, for the appellant.

*Oscar B. Hord*, Attorney General, for the State.

