———o———

## LUTHER *v.* THE STATE.

INFORMATION.—TRIAL IN THE ABSENCE OF DEFENDANT.—*Where a person prosecuted by information for an offense punishable by a fine only, is not personally present at the trial, but files the undertaking of a responsible person, to the approval of the court, for the payment of the fine, &c., under section 95 of the criminal code, (2 G. & H. 413), he has the same right to test the sufficiency of the information by a motion to quash that he would have if personally present.*

SAME.—*When the court below has refused to entertain and pass upon a motion to quash, in such case, the Supreme Court will not look into the question of the sufficiency of the information.*

APPEAL from the *Johnson* Common Pleas.

GREGORY, J.—The appellant was prosecuted in the court below for illegal voting at the *October* election in the year 1866. The information and affidavit charge the offense thus: "Said *Jacob Luther*, then and there being, did offer

to, and did, vote at said election, not being then and there a legal voter, and not having the legal qualification of a voter." When the case was called for trial the defendant failed to appear, whereupon *Overstreet* and *Hunter* filed their agreement, in writing, to become replevin bail for the payment of the fine and costs, which agreement was accepted by the court. The counsel for the defendant then moved the court to quash the information. The court refused to hear the motion in the absence of the defendant. This action of the court is assigned for error. Trial by the court; finding, "guilty;" motion for a new trial overruled. The court refused to hear a motion in arrest of judgment in the absence of the defendant, and this is also assigned for error. The court rendered final judgment on the finding.

The criminal code provides that "no person prosecuted for any offense punishable by fine only, shall be tried without being personally present, unless some responsible person, approved by the court, undertakes to be bail for stay of execution, and payment of the fine and costs that may be assessed against the defendant. Such undertaking must be in writing, and is as effective as if entered after judgment." 2 G. & H., § 95, p. 413.

It is further provided that "when it appears, at any time before verdict or judgment, that a mistake has been made in charging the proper offense, the defendant shall not be discharged, if there appears to be good cause to detain him in custody, but the court must recognize him to answer to the offense." *Ib.*, § 107, p. 416. It is claimed that under these provisions an absent defendant has no right to move to quash the information, or even in arrest of judgment. It is urged that the latter section would be rendered nugatory if the court, in the absence of the defendant, should sustain a motion to quash. The information in this case follows the affidavit; if the former is bad, the latter is also bad. If the affidavit charges no crime, it is difficult to understand how the Common Pleas Court could recognize the

defendant to answer to the offense. But in any view, we think that the rights of the defendant were not abridged by his absence. If the state elected to proceed with the trial, it was the right of the defendant to have the sufficiency of the information tested by a motion to quash. It is urged that the error, if any, is harmless; that the information is good. This question is not now before this court. It is the substantial right of the defendant to have this question passed upon by the court below. If, on the hearing of the motion to quash, the common pleas judge should decide in favor of the defendant, that judgment will stand until a majority of the judges of this court shall decide otherwise; but, as the case now stands, an equal division of this court on the question would deprive the defendant of having the benefit of the judgment of the court below. This is an appellate court, and it is not proper for us to pass upon questions not acted upon by the court from which the appeal is taken.

The judgment is reversed, and the cause remanded to said court, with directions to hear the motion of the defendant to quash the information, and for further proceedings.

*G. M. Overstreet* and *A. B. Hunter*, for appellant.
*D. D. Banta* and *C. Byfield*, for the State.