THE STATE *v.* SOLOMON.

CRIMINAL LAW.— *Disturbing Lawful Assemblage.*— *Statute Construed.*— In order to constitute a violation of the statute for the protection of religious meetings, &c., (Acts 1859, p. 126, and Acts 1865, Spec. Sess., p. 201) the sale, not merely of articles specifically named in the statute, but of any other articles, is sufficient, if the circumstances otherwise bring the case within the statute.

APPEAL from the Marion Criminal Circuit Court.

PETTIT, C. J.—This case was commenced before a justice of the peace, and found its way to the above court on appeal by the defendant. The charge is, "that Charles Solomon, late of said county, on the 15th day of August, in the year 1869, at the county aforesaid, did then and there unlawfully keep and maintain a building known as a warehouse, in which the said Charles Solomon did then and there keep and expose for sale, liquors, cigars, tobacco, candies, peaches, melons, mineral water, and other articles, the said building and the articles then and there kept for sale being within one mile of a collection of inhabitants of the State of Indiana for the purpose of religious worship."

This prosecution is founded on the first section of an act approved November 30th, 1865, entitled, "An act to amend an act entitled 'an act for the better protection of religious meetings, agricultural fairs, and other lawful assemblages of the people,' approved March 3d, 1859." See Acts of 1865, Spec. Sess., p. 201.

The cause was submitted to the court for trial on the following agreed state of facts:

"That the defendant, with one Charles Dietrich, rented of Joshua Trout a warehouse in the town of Acton, in the county of Marion and State of Indiana, in the latter part of the month of July, A. D. 1869; that the said warehouse in said town of Acton and the said town of Acton lie within one mile of the camp-ground of the Methodist Episcopal Church in Franklin township, in said Marion county;

that the Methodist Episcopal Church and the people belonging thereto held a camp-meeting at and on said camp-ground, commencing on the 11th day of August, in the year 1869, and continuing thenceforward for every day of the next ensuing two weeks; that the said defendant, with the said Dietrich, procured a license from the United States to keep an eating house in said warehouse in said Acton, from the 1st day of August, 1869, until the first day of May, 1870; that said defendant and Dietrich also procured a license from the town of Acton, which is an incorporated town under the general laws of the State of Indiana on that subject, to keep an eating house in said warehouse in the town of Acton, and paid for said license the sum exacted for the same by the authorities of said town; which said license extended from the 1st day of August until the 1st day of September, in the year 1869; that said defendant, with said Deitrich, did, on the 15th day of August, 1869, keep and maintain an eating house in said warehouse, and did then and there keep and expose for sale in said building, cigars, tobacco, candies, peaches, melons and other articles, not including mineral water or intoxicating liquors of any kind; and that said warehouse so kept was within one mile of said camp-ground and camp-meeting, where a large number of citizens and inhabitants of the State of Indiana were assembled for the purpose of worship. And the defendant further admits and agrees that said eating house was not opened by him and said Dietrich until the 11th day of August, 1869; and it was finally closed on the last day of said camp-meeting, and has not been kept open as an eating house since.

"It is further admitted and agreed that the sales of cigars and tobacco were in small quantities, not amounting in all to more than one hundred dollars. It is further agreed that said Solomon had no established place of business, but had been engaged in attending public meetings with such articles as are above specified, for sale to the people attend-

ing the same; and that he was at Acton, as above stated, only for and during said camp-meeting."

On this evidence, the court found the defendant not guilty, and discharged him, to which the State excepted, and saved the question for our consideration as to the sufficiency of the evidence and the correctness of the finding of the court below thereon.

We have given the opinion of the court below a careful consideration, but cannot agree with it. The evidence, to our mind, clearly brings the case within the letter and spirit of the amendment of 1865, above referred to, and does not show it to be within any of the exceptions contained in section second of the original act of 1859. It is true, that the articles sold and for sale are not those that are specifically named in the statute, but they are "other articles" spoken of in the law. The object of the law was not alone to prevent the sale of drinks, but of all "other articles," unless the vendor had permission, was owner of the real estate, or was carrying on his regular business, at the usual place of transacting the same, as provided for in section second of the act of 1859. See Acts 1859, p. 126.

The defendant should have been convicted on this evidence.

Judgment against the appellee for costs.

*D. E. Williamson*, Attorney General, *D. V. Burns*, *W. Morrow*, and *N. Trusler*, for the State.

*J. W. Gordon* and *W. A. Thompson*, for appellee.