## THE STATE *v.* CUPPY ET AL.

CRIMINAL LAW.—*Selling Articles Within One Mile of Religious Meeting, etc.*— *Information.*—*Exceptions.*—Where, in a prosecution by affidavit and information for selling articles in violation of the act " for the better protection of religious meetings, agricultural fairs, and other lawful assemblages of the people," 2 G. & H. 469, as amended by the act of November 30th, 1865, 3 Ind. Stat. 257, the affidavit does not negative the existence of facts by which under section 2 of said act the seller would be excepted, it is bad, and the information should be quashed on motion.

From the Benton Circuit Court.

*C. A. Buskirk*, Attorney General, and *S. P. Thompson*, Prosecuting Attorney, for the State.

PETTIT, C. J.—This was a prosecution by affidavit and information, for selling articles at an agricultural fair in violation of the act on that subject, 2 G. & H. 469, note, and the amendment to the first section thereof, 3 Ind. Stat. 257, sec. 1. The only question that need be determined is as to the sufficiency of the affidavit; for if that was bad, the information founded on it must necessarily fall. *Luther* v. *The State*, 27 Ind. 47.

The affidavit does not negative the ownership of the real estate where the articles were sold, nor does it allege that the defendants had not the permission of those having charge of the fair or exhibition.

For these defects, we think the affidavit was bad, and that the motion to quash was properly sustained.

The attorney for the State refers to the case of *The State* v. *Solomon*, 33 Ind. 450. This case and that are not alike. In that no question was raised as to the sufficiency of the affidavit. The question was on the evidence, as to whether there was a liability for selling other articles than those specifically named in the statute. There being no legal charge against the defendants, they were properly discharged. *Luther* v. *The State, supra.*

The judgment is affirmed.