## DAVIS v. THE STATE.

CRIMINAL LAW.—*Prosecution of Felonies by Affidavit and Information.*— *Statute Construed.*—Under the first clause of section 1 of the act of March 29th, 1879, Acts 1879, p. 143, felonies may be prosecuted by affidavit and information "when any person is in custody on a charge of felony, and no grand jury is in session." In such case the affidavit and information, in order to justify the prosecution in that mode, must show that the party accused is in custody for the particular felony charged against him in such affidavit and information.

SAME.—*Motion to Quash.*—*Practice.*—An information founded on a bad affidavit is bad on a motion to quash. So, also, where there is a good affidavit, but the information is bad, the latter will be quashed. The motion to quash need not point out specifically the objections to the affidavit and information.

From the Tippecanoe Circuit Court.

*I. Parsons, R. P. Davidson* and *J. C. Davidson,* for appellant.

*T. W. Woollen,* Attorney General, *J. R. Carnahan* and *G. W. Collins,* for the State.

WORDEN, J.—The following affidavit, after the proper caption, was filed in the court below, viz. :

" Casper Ulmer, being duly sworn, on his oath says that Patrick H. Davis, John Wilber, and John Doe, whose true name is to the affiant unknown, did, on the 30th day of January, A. D. 1880, at the county of Tippecanoe and State of Indiana, feloniously, violently and forcibly make an assault upon this affiant, and did then and there and thereby unlawfully, feloniously, violently and forcibly, by violence and putting in fear, steal, take and carry away from the person of this affiant one United States treasury note, commonly called a greenback, lawful money of the United States, of the denomination of twenty dollars and of the value of twenty dollars; one national bank note, current and lawful money of the United States, of the denomination of twenty dollars and of the value of twenty dollars, said twenty-dollar national bank note having

Davis v. The State.

been issued by a national bank whose name is to the affiant unknown; two United States treasury notes, commonly called greenbacks, good and lawful money of the United States, of the denomination of five dollars each and of the value of five dollars each; and one national bank note, issued by a national bank whose name is to the affiant unknown, of the denomination of five dollars and of the value of five dollars, all of said national bank notes, and all of said United States treasury notes, being then and there of the personal goods and property of this affiant.

(Signed,)                              "CASPER ULMER."

"Subscribed and sworn to," etc.

On this affidavit the following information, after a proper caption, was filed, viz.:

"George W. Collins, prosecuting attorney in and for the 23d Judicial Circuit, of the State of Indiana, now gives the Tippecanoe Circuit Court to understand and be informed, that Patrick H. Davis, John Wilber, and John Doe, whose true name is unknown, did, on the 30th day of January, 1880, at the county of Tippecanoe and State of Indiana, unlawfully, feloniously, violently and forcibly make an assault on Casper Ulmer, and did then and there and thereby, unlawfully, feloniously, violently and forcibly, by violence and putting in fear, steal, take and carry away from the person of Casper Ulmer, one United States treasury note," etc. (Here follows a description of the money and the alleged ownership thereof as in the affidavit.) "As Casper Ulmer has complained on his oath, herewith filed. And the court is further informed that the said Patrick H. Davis and John Wilber, named and charged in the affidavit of Casper Ulmer herewith filed, are now in the custody of the sheriff of Tippecanoe county, in the State of Indiana, and confined in the jail of said county on a charge of robbery, and that, at no time since the said Patrick H. Davis and John Wilber have been in custody

on said charge, has the grand jury of and for said county of Tippecanoe, and State of Indiana, been in session, and said grand jury is not now in session, and this affidavit and information are now filed that this court may have jurisdiction, and that said parties may be put on trial for said felony herein charged, as made and provided for by the statute in such cases." Signed by the prosecuting attorney.

Davis and Wilber each moved to quash the affidavit and information, but their motions were respectively overruled, and they excepted. Davis was put on trial separately, found guilty and sentenced to imprisonment in the state-prison for the period of six years.

Among the errors assigned is that of overruling the appellant's motion to quash the affidavit and information.

Proceedings by affidavit and information are authorized by the act of March 29th, 1879, in certain cases. Acts 1879, p. 143. The 1st section of the act provides " That felonies may be prosecuted in the circuit and criminal courts by affidavit and information, in the following cases :

" *First.* When any person is in custody on a charge of felony, and no grand jury is in session.

" *Second.* When an indictment has been found by the grand jury, and has been quashed.

" *Third.* When a cause has been appealed to the Supreme Court, and reversed on account of defects in the indictment."

If the case before us comes within the statute at all, it comes within the first specification above quoted, " When any person is in custody on a charge of felony," etc.

The general mode of prosecution for a felony is by indictment found by a grand jury, and that by affidavit and information is an exceptional mode, confined to a few cases. It was meant by the statutory provision above set out, to authorize a prosecution by affidavit and information for the particular felony on a charge of which the person is in

custody, where no grand jury is in session, and not for any other or different felony. It was clearly not the purpose of the statute to allow a person to be prosecuted by affidavit and information, where no grand jury is in session, for one felony, because he is in custody on a charge of another and different felony. *Justice* v. *The State*, 17 Ind. 56.

It follows, on general principles of criminal pleading, that the affidavit and information, in order to justify the prosecution in that mode, must show, in such case, that the party accused is in custody on a charge of the particular felony charged against him in the affidavit and information. *Justice* v. *The State, supra; Kreigh* v. *The State*, 17 Ind. 495 ; *Broadhurst* v. *The State*, 21 Ind. 333 ; *Walker* v. *The State*, 23 Ind. 61 ; *Cobb* v. *The State*, 27 Ind. 133.

The cases above cited turned upon the question whether the affidavits and informations were sufficient to give the court of common pleas jurisdiction under the act of 1859, but the principle decided by them is entirely applicable here, for it is clear that the affidavit and information must show a case within the statute in order to justify a resort to that mode of proceeding.

The affidavit and information are radically defective in not showing that the appellant was in custody on a charge of the felony set forth therein. The information alleged that the appellant was in custody "on a charge of robbery," but this does not show that he was in custody on a charge of the robbery set forth in the affidavit and information. The affidavit is still more defective, as it does not allege that the appellant was in custody at all, upon any charge.

Conceding that the information might, considered by itself, have been good, or that it might have been amended, yet, as it was based upon a radically defective affidavit, it would fall with the affidavit. An information founded on a bad affidavit is bad on a motion to quash. Moore Crim. Law, sec. 135; *The State* v. *Downs*, 7 Ind.

237; *The State* v. *Wise*, 7 Ind. 645; *The State* v. *Gartrell*, 14 Ind. 280; *The State* v. *Carpenter*, 20 Ind. 219; *The State* v. *Cuppy*, 50 Ind. 291. So, also, where there is a good affidavit, but the information is bad, the latter will be quashed. *Block* v. *The State*, 14 Ind. 425.

The motion to quash need not have pointed out specifically the objections to the affidavit and information. Such motion is much like a demurrer to a pleading for want of sufficient facts, which need not point out specifically the facts necessary to make the pleading, to which it is addressed, good.

We are clearly of the opinion that the motion to quash the affidavit and information should have prevailed.

In the decision of the cause, we have not taken into consideration any question arising upon the constitutionality of the statute above set out, as no question in that respect has been made by counsel in the cause. See, however, upon that point, the cases of *Reed* v. *The State*, 12 Ind. 641, and *Thomasson* v. *The State*, 15 Ind. 449.

The judgment below is reversed, and the cause remanded, with instructions to the court below to quash the affidavit and information.

The clerk is directed to give the proper notice for the return of the prisoner.