Heanley *et al. v.* The State.

———•◆•———

No. 9531.

HEANLEY ET AL. *v.* THE STATE.

CRIMINAL LAW.—*Affidavit and Information.*—*Constitutional Law.*—The act approved March 29th, 1879, Acts 1879, p. 143, "in relation to prosecutions of felonies by affidavit and information, in certain cases," is general and of uniform operation throughout the State, and is constitutional.

SAME.—*Defendant's Personal Right.*—*Jurisdiction.*—The provision in section 2, that "any person charged with a felony shall have the right to demand that he be prosecuted by affidavit and information without delay," gives a personal right which he may exercise if he elect so to do, but the court's jurisdiction does not depend upon his exercise or non-exercise thereof.

From the Madison Circuit Court.

*C. D. Thompson*, for appellants.

*D. P. Baldwin*, Attorney General, and *W. A. Kittinger*, for the State.

HOWK, C. J.—This was a prosecution for rape by affidavit and information, against the appellants, Thomas Heanley and John Noonan, and one Robert Shinn. The appellants requested to be tried jointly, and on arraignment they each pleaded to the affidavit and information, that they were not guilty as therein charged. The trial of the issues joined, by a jury, resulted in a verdict, finding them guilty as charged in the affidavit and information, and assessing their punishment at imprisonment in the state-prison for the term of three years and six months; and judgment was rendered on the verdict.

A number of supposed errors have been assigned by the appellants on the record of this cause, all of which relate to the alleged insufficiency of the affidavit and information. No objections were taken in any manner to any of the proceedings below, and the objections to the sufficiency of the affidavit and information are presented for the first time in this court. The first point made by the appellants' counsel, in argument, is that the act entitled "An act in relation to prosecutions of felonies by affidavit and information, in certain cases," approved March 29th, 1879, is unconstitutional and void. It is claimed by counsel, that the act in question "is in direct conflict with sections twenty-two and twenty-three of article four of the constitution of the State and is, therefore, illegal and void." In said section 22, of article 4, it is provided that "The General Assembly shall not pass local or special laws,   *   *   *   *   *   for the punishment of crimes and misdemeanors," nor for "regulating the practice in courts of justice," etc. In said section 23, of said article 4, it is declared that "In all the cases enumerated in the preceding section, and in all other cases where a general law can be made applicable, all laws shall be general, and of uniform operation throughout the State."

After quoting these constitutional provisions, the appellants' counsel says interrogatively : "Now, is the act of 1879,.

above cited, general and of uniform operation throughout the State?" We are of the opinion, that this question must be answered in the affirmative. If, as counsel claims, there is any inconsistency between the provisions of the act of 1879, and those of the criminal code of June 17th, 1852, the only effect of such inconsistency would be, that that far forth the provisions of the criminal code would be repealed by those of the act of 1879, and the latter would be the law in force. The act of March 29th, 1879, is not, as we think, in conflict with any of the provisions of the constitution of this State. The General Assembly had full power, therefore, to enact the statute under consideration; and, whatever may be thought of the policy or wisdom of the act, its constitutionality cannot be fairly questioned or doubted. The modern view, taken by this court, of the effect of said sections 22 and 23, of article 4, of the constitution of this State, upon the statutes enacted by the General Assembly, differs very widely from the view first taken. Thus, in *Hanlon* v. *The Board, etc., of Floyd Co.*, 53 Ind. 123, this court said: "But, in our opinion, the section is neither local nor special, within the true sense and meaning of the constitution; but, on the contrary, it is general and of uniform operation. It operates uniformly and alike, in all parts of the State, under like facts." *The State, ex rel.*, v. *Reitz*, 62 Ind. 159; *McLaughlin* v. *The Citizens, etc., Association*, 62 Ind. 264. So, also, it must be said, we think, that the above entitled act, of March 29th, 1879, is general and of uniform operation throughout the State.

But the appellants' counsel also insists that the affidavit and information are bad, because they do not, nor does either of them, state all of the facts necessary to give the trial court jurisdiction of the offence and of the persons of the appellants, under the provisions of the above entitled act of March 29th, 1879. In section 1 of said act, it is provided, "That felonies may be prosecuted in the circuit and

criminal courts by affidavit and information in the following cases :

"*First.* When any person is in custody on a charge of felony, and no grand jury is in session ;

"*Second.* When an indictment has been found by the grand jury, and has been quashed ;

"*Third.* When a cause has been appealed to the supreme court, and reversed on account of defects in the indictment." Acts 1879, p. 143.

In this case, it was charged both in the affidavit and information, that "the said Thomas Heanley, John Noonan and Robert Shinn are now in the custody of the sheriff of Madison county, Indiana, to answer said charge, and the grand jury of said county is not now in session." It would seem, that these allegations brought this cause fairly within the *first* case or class of cases, mentioned in said section 1 of the statute ; and this, we think, was a sufficient showing of the necessary jurisdictional facts. But, in section 2 of the same act, it is provided that "any person charged with a felony shall have the right to demand that he be prosecuted by affidavit and information without delay, and if the prosecuting attorney fails to prosecute as provided for in this act, the party so charged shall be discharged from custody." Acts 1879, p. 144. It is claimed by the appellants' counsel, as we understand his argument, that this section 2 of the act is in the nature of a limitation on the provisions, above quoted, of section 1 of the same act ; and that, therefore, it became necessary to charge as a jurisdictional fact, in the affidavit and information, in addition to those jurisdictional facts already mentioned therein, that the appellants demanded that they should be prosecuted by affidavit and information, without delay. In other words, counsel claims that, in none of the cases provided for in the 1st section of the act, can a defendant be prosecuted by affidavit and information, unless he shall demand to be so tried ; and that, therefore, the fact

of such a demand by the defendant is a jurisdictional fact, which must be charged in both the affidavit and information, in order to show the court's jurisdiction both of the alleged felony and of the person of the supposed felon.

It seems clear to us, however, that this construction of the statute is in direct conflict with the manifest intention of the Legislature in its enactment, and it does not meet with our approval. In our opinion, the right of the defendant, under said section 2 of the act, is a personal right which he may exercise, if he elect so to do, in order to secure a speedy trial of his case ; but it cannot be said, we think, that the court's jurisdiction, either of his person, or of the offense wherewith he may be charged, depends in any manner upon his exercise or non-exercise of such personal right.

We have found no error in the record of this cause, which would authorize a reversal of the judgment below.

The judgment is affirmed, at the appellants' costs.