No. 9432.

ITER v. THE STATE.

CRIMINAL LAW. — Felony. — Affidavit and Information. — Statute Construed.—In a prosecution for felony, under section 1 of the act of March 29th, 1879, Acts 1879, p. 143, the averments in the information, "that an indictment was found by the grand jury and quashed, and that said grand jury is not now in session," are insufficient, under either the first or second clause of said section.

From the Allen Circuit Court.

S. M. Hench and H. C. Hanna, Jr., for appellant.

D. P. Baldwin, Attorney General, and W. S. O'Rourke, Prosecuting Attorney, for the State.

WOODS, J.—This was a prosecution by affidavit and information, against the appellant and one Emanuel Fox, for

robbery. Motion to quash the information overruled, and exception. Trial of the appellant, conviction and judgment.

Error is assigned upon the overruling of the motion to quash.

The portion of the information which was designed to show the authority or power of the court to try the appellant upon affidavit and information, without indictment, was as follows: "And this court is further informed, that said Emanuel Fox and August Iter, named in the affidavit of John Case, herewith filed, are now in the custody of the sheriff of Allen county, in the State of Indiana, and confined in the jail of said county, on a charge of robbery, as set forth in the affidavit of John Case; and that an indictment was found by the grand jury and quashed, and that said grand jury is not now in session."

The statute on the subject provides, among other things, "That felonies may be prosecuted in the circuit and criminal courts, by affidavit and information, in the following cases:

"*First.* When any person is in custody on a charge of felony, and no grand jury is in session.

"*Second.* When an indictment has been found by the grand jury, and has been quashed." Acts 1879, p. 143.

The averments of the information do not, as we think, bring the case within the statute. There was an apparent attempt made, by the averments, to bring the case within both of the above specifications, but they fail to bring it within either of them.

The language of the second clause of the statute, above quoted, "When an indictment has been found by the grand jury," evidently means, when an indictment has been found by the grand jury, for the felony, on a charge of which the accused is in custody. See *Davis* v. *The State*, 69 Ind. 130.

The information alleges "that an indictment was found by the grand jury, and quashed." But for what the indictment was found, and against whom, does not appear. It may.

Iter *v.* The State.

perhaps, be conjectured, that the indictment was found for the offence charged in the information. But, in criminal pleading, it will not do to rest on conjecture. In order that the allegation in respect to the finding and quashing of the indictment should have any force, it should have appeared that the indictment was for the offence charged in the information. *Davis* v. *The State, supra.* The case, therefore, is not shown to come within the second clause of the statute quoted.

It remains to inquire whether the averments bring the case within the first. It sufficiently appears that the appellant was in custody on a charge of the offence stated in the information. But this is not sufficient to authorize a prosecution for a felony by affidavit and information. There must have been, in order to bring the case within the first clause, no grand jury in session, at the time of filing the affidavit and information. It does not appear from the information, as we think, that no grand jury was then in session. The language of the information is, "that an indictment was found by the grand jury, and quashed, and that said grand jury is not now in session." The obvious and unmistakable meaning of this is, that the grand jury who found the indictment was not then in session. When the indictment was found does not appear ; and the allegation can not be held to mean that *no* grand jury was in session at the time of filing the information.

The information does not show such a state of facts as authorizes the prosecution by affidavit and information, and the motion to quash should have been sustained.

The judgment below is reversed, and the cause remanded.

The clerk will give notice for the return of the prisoner from the state-prison.