Jones v. The State.

No. 9537.

JONES v. THE STATE.

CRIMINAL LAW.—*Affidavit and Information.*—*Constitutional Law.*—*Case Overruled.*—The act of March 29th, 1879, Acts 1879, p. 143, in relation to the prosecution of felonies by affidavit and information, is constitutional and valid, and whatever is in conflict with this conclusion in *Reed* v. *The State*, 12 Ind. 641, is overruled.

SAME.—*Jurisdictional Facts put in issue by Plea of Not Guilty.*—*Evidence.*—The jurisdictional facts necessary to give the court authority to try felonies by affidavit and information, under said act of March 29th, are put in issue by a plea of not guilty, and such facts must be established by competent and sufficient evidence.

SAME.—*Evidence of Jurisdiction.*—As to the sufficiency of the evidence of jurisdictional facts to sustain the verdict in such prosecution, see opinion.

From the Knox Circuit Court.

*J. B. Brown*, for appellant.

*D. P. Baldwin*, Attorney General, and *J. S. Long*, Prosecuting Attorney, for the State.

HOWK, C. J.—This was a prosecution, by affidavit and information, against the appellant, John Jones, and one Young, whose Christian name was alleged to be unknown, for the crime of grand larceny. On arraignment, the appellant and said Young pleaded to said affidavit and information, that they were not guilty as therein charged. The trial of the cause by a jury resulted in a verdict finding the appellant and said Young guilty, as charged in the information, and affixing the punishment of each of them at imprisonment in the state-prison for the period of three years, and a fine of twenty-five dollars each, and disfranchisement and incapacity for holding any office of trust or profit for the term of three years. The appellant's motion for a new trial having been overruled, and his exception saved to this ruling, the court rendered judgment against him, in accordance with the verdict. In this court, errors have been assigned by the appellant, as follows:

1. The affidavit and information filed in said cause, upon which said action is based, do not, with sufficient certainty, state facts sufficient to confer jurisdiction upon the Knox Circuit Court to try said cause ;

2. Error committed by the Knox Circuit Court, in overruling appellant's motion for a new trial ;

3. The court below had no jurisdiction to try appellant upon the felony charged against him, except upon presentment by indictment, duly returned against him by the grand jury of the court below ;

4. The act of March 29th, 1879, Acts of 1879, p. 143, upon which the court below took jurisdiction of this case, is unconstitutional, illegal and void ; and,

5. The facts stated in the affidavit and information herein do not constitute a public offence.

The first question presented and discussed by the appellant's counsel, in his able and exhaustive brief of this cause, is the alleged unconstitutionality of the act of March 29th, 1879, "in relation to prosecutions of felonies by affidavit and information, in certain cases." This question has already been carefully considered by this court, and a conclusion has been reached that the act in question is not in conflict with any of the provisions of the constitution of this State, and must therefore be regarded as constitutional and valid law. *Heanley* v. *The State, ante*, p. 99 ; *Sturm* v. *The State, post*, p. 278. We are content with this conclusion, and the question may be regarded as settled, by this court, in favor of the constitutionality and validity of the act under consideration. Whatever may have been said in *Reed* v. *The State*, 12 Ind. 641, in conflict with this conclusion, is expressly overruled.

The affidavit and information against the appellant and his co-defendant, Young, charged the jurisdictional facts, in this case, as follows : "That the said John Jones and the said Young, whose christian name is unknown, are now in

custody in the county jail of said county, on the charge of said felony as aforesaid, and that there is no grand jury now in session, in said Knox county.'' It is very clear, we think, that the jurisdictional facts thus charged were put in issue by the appellant's plea of not guilty, and that, on the trial, it devolved upon the State to establish these alleged facts by competent and sufficient evidence. Thus, in *Cobb* v. *The State*, 27 Ind. 133, which was a prosecution by information for larceny, this court said : ''If the facts showing jurisdiction must be alleged, they must be proved. The plea of not guilty put in issue every material allegation in the information. It was the plain constitutional right of the accused to have that issue tried by a jury, which is also constituted the judge of the law, as well as of the facts.''

It is very earnestly insisted by the appellant's counsel, in the case at bar, ''that the evidence entirely fails to prove those jurisdictional facts'' which were necessary to give the trial court jurisdiction of the case. The evidence adduced for the purpose of establishing the jurisdictional facts charged was, in substance, as follows :

Henry Freund testified : ''I am deputy clerk of this court. No grand jury is in session at this time, nor has there been any at the present term, nor since the affidavit, transcript, and other papers in this case were filed in this court.'' Thereupon the witness identified the affidavit filed against said defendants, and transcript from the docket of Mayor Searight filed against defendants in this court.

James E. Kackley testified : ''I am the sheriff of Knox county. The defendants were in my custody, in the jail of Knox county, on the 8th day of March, 1881. They were placed in my custody, in jail, on a commitment from Mayor Searight.'' (Which was thereupon shown him and identified, as the one under which they were committed.) ''Jones has not been in jail since the 9th day of March, 1881, at which time he was bailed out.''

The only other evidence introduced on the trial, which tended to prove that the appellant and his co-defendant, Young, were or had been in custody on a charge of the particular felony mentioned in the affidavit and information, was the affidavit and transcript from the docket of Mayor Searight, identified by the deputy clerk, and the commitment of the defendants, identified by the sheriff. There is much uncertainty and room for doubt, as it seems to us, not only in regard to this evidence, but also in regard to the evidence adduced upon the merits. A very careful examination of the evidence, however, has led us to the conclusion that the case is one in which this court can not, and ought not to, disturb the verdict of the jury, on any of the questions of fact involved therein. The jury had facilities for determining the credibility of witnesses and the truth of evidence, conflicting as it is, which we, as an appellate court, can not possibly have; and their verdict having been sanctioned by the learned judge who presided at the trial and saw and heard the witnesses testify, this court ought not to disturb such verdict merely on the evidence.

We find no error in the record, which would authorize a reversal of the judgment below.

The judgment is affirmed, with costs.