No. 9454.

## FOX *v.* THE STATE.

CONSTITUTIONAL LAW.—The act of March 29th, 1879, Acts 1879, p. 143, in relation to prosecutions of felonies by affidavit and information, is neither local nor special, within the sense and meaning of the constitution, but is of general and uniform operation.

From the Allen Criminal Circuit Court.

*S. M. Hench,* for appellant.

*D. P. Baldwin,* Attorney General, *W. S. O'Rourke* and *W. W. Thornton,* for the State.

Howk, C. J.—In this case, the appellant and one August Iter were prosecuted upon affidavit and information, charging them with the crime of robbery. The appellant was separately tried, found guilty and sentenced, by the judgment of the court, to the State's prison for a term of years. From this judgment the appellant prosecutes this appeal, and assigns in this court a number of errors, all of which, however, present for decision the single question of the sufficiency of the affidavit and information upon which the prosecution is founded.

The affidavit and information are the same which were considered by this court in the recent case of *Iter v. The State,* 74 Ind. 188, and were then held to be insufficient. Upon the authority of that case, and for the reasons here given, this cause must be decided as that was decided.

The point is made that the act of March 29th, 1879, providing for the prosecutions of felonies by affidavit and information in certain cases, is unconstitutional and void, and the appellant's counsel, in an able and elaborate argument, has asked this court to reconsider this question, and overrule its previous decisions declaring the act to be constitutional and valid. This we must decline to do, as we are content with the previous decisions. As we said in *Heanley v. The State,* 74 Ind. 99, we say again: "The act of March 29th, 1879,

is not, as we think, in conflict with any of the provisions of the constitution of this State.'' It is neither local nor special within the true sense and meaning of the constitution ; but, on the contrary, it is general and of uniform operation. It operates uniformly and alike in all parts of the State, under like facts. *Hanlon* v. *The Board, etc.*, 53 Ind. 123 ; *Jones* v. *The State*, 74 Ind. 249 ; *Sturm* v. *The State*, 74 Ind. 278.

The judgment is reversed, and cause remanded, with instructions to sustain the motion to quash the affidavit and information. The clerk will issue notice for appellant's return to the sheriff of Allen county.