THE STATE *v.* HEDGE.

An indictment charged an offence to have been committed on, &c., in the year "one thousand eight hundred and fifty-*too*." *Held,* that the word "*too*" must be construed to mean the numeral "*two*," and not to have been used as an adverb.

ERROR to the *Blackford* Circuit Court.

STUART, J.—Indictment against *Hedge* for knowingly suffering his mare to run in what is commonly called a horse race, &c. The indictment was found in *October*, 1852. The time of the alleged offence is "the first day of *August*, in the year one thousand eight hundred and fifty-*too*." The point of objection is to the orthography of the last word "*too*," instead of "*two*." It was argued that "*too*" is an adverb and not a numeral; therefore, inferentially, that this was an indictment laying the offence in *August*, 1850, and so on its face barred by the statute of limitations at the time of the finding. And of this opinion was the Court. So the motion was sustained and the indictment quashed.

The Court was clearly correct on the questions of grammar and orthography; but it is said that bad grammar, and, for the same reason, bad spelling, does not vitiate.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*D. C. Chipman* and *J. W. Gordon,* for the state.