No. 13,042.

## MILLER *v.* THE STATE.

CRIMINAL LAW.— *Indictment.— Grammatical Construction.*—Where a pro-
noun is used in an indictment, there is no rule of legal or grammatical
construction which requires that it shall relate to the last preceding
noun, for its antecedent. This is a matter which is governed by the
sense and meaning intended to be conveyed.

SAME.— *Intoxicating Liquor.—Sale to Habitual Drunkard After Notice.—Evi-
dence.*—In a prosecution, under section 2093, R. S. 1881, for selling liquor
to a person in the habit of being intoxicated after notice given, where
there is no evidence showing that the person named in the affidavit and
information was in the habit of being intoxicated, and where there is no
evidence that the defendant, either in person or by agent, sold such
liquor, a conviction can not be sustained.

From the Fountain Circuit Court.

*S. F. Wood,* for appellant.

*F. T. Hord,* Attorney General, *H. H. Conley,* Prosecuting
Attorney, *W. B. Hord* and *W. H. Cox,* for the State.

MITCHELL, J.—Section 2093, R. S. 1881, provides that
" Whoever, directly or indirectly, sells, barters, or gives away
any spirituous, vinous, malt, or other intoxicating liquor to any
person who is in the habit of being intoxicated, after notice
shall have been given him, in writing, by any citizen of the
township or ward wherein such person resides, that such per-
son is in the habit of being intoxicated, shall be fined," etc.

The appellant was prosecuted and convicted for a violation
of this statute. The affidavit and information charged that
John Miller, on a day named, sold intoxicating liquor to one
John Stevenson, " who was then and there a person in the
habit of being intoxicated, and after notice in writing had
been given him, the said John Miller, by Fannie Stevenson,
who was then and there a citizen of the township in which
*he* lived, to wit, Troy township, in said county, that said
John Stevenson was then and there a person in the habit of
being intoxicated."

The objection to the affidavit and information is, that ac-

cording to proper grammatical construction, the pronoun "he," above italicized, refers to the appellant, Miller, and that the affidavit and information are, therefore, fatally defective, in not averring that the person who gave the notice in writing, concerning Stevenson's habit, was a citizen of the township in which he (Stevenson) resided.

The statute contemplates that the notice in writing shall be given by a citizen of the township or ward wherein the person who is in the habit of being intoxicated resides. *Engle* v. *State*, 97 Ind. 122.

In the case of *Steeple* v. *Downing*, 60 Ind. 478, this statement is found: "There is no rule of legal or grammatical construction, which necessarily requires that a pronoun shall relate to the last noun, or nouns, mentioned for its antecedent. This is a matter which is governed by the sense and meaning intended to be conveyed." Applying this rule to the construction of the language quoted, it is fairly evident that "he" refers to John Stevenson. *State* v. *Hedge*, 6 Ind. 330. The motion to quash the affidavit and information was properly overruled.

A bill of exceptions, purporting to contain all the evidence given in the case, is set out in the record. On two material points there is an entire failure in the evidence as it appears in the record to sustain the finding of the court. There is not a syllable of testimony tending to prove that John Stevenson was a person who was in the habit of being intoxicated. No evidence was given on that subject. It was admitted of record that notice in writing had been given the appellant, prior to the date of the alleged sale, by the wife of Stevenson, that he was in the habit of being intoxicated, but to sustain a conviction some proof of the fact that he was so habituated must have been made. In this regard the proof fails wholly. The other point upon which proof is entirely lacking is this: There is a total absence of evidence to show that the appellant at any time, either directly or indirectly, sold, bartered or gave to Stevenson any intoxicating or other

liquor. The extent to which the evidence goes on that subject is, that Stevenson was seen in company with others to drink some liquor in the appellant's saloon, but there is no evidence that the appellant was present, either in person or by an agent or servant, or that he had any knowledge whatever that Stevenson obtained or drank any liquor there. The motion for a new trial should have been sustained.

Judgment reversed.

Filed June 19, 1886.